J-S73035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LEONARD MONTALVO-RIVERA, | : | |
| Appellant | : | No. 493 MDA 2014 |

Appeal from the Judgment of Sentence entered on January 3, 2014
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-CR-0003368-2012

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JANUARY 13, 2015**

Leonard Montalvo-Rivera ("Montalvo-Rivera") appeals from the judgment of sentence entered following his conviction of robbery of a motor vehicle, criminal conspiracy to commit robbery of a motor vehicle, conspiracy to commit robbery, conspiracy to commit theft by unlawful taking, and simple assault.[1]  Additionally, Montalvo-Rivera's court-appointed counsel, Matthew P. Kelly, Esquire ("Attorney Kelly"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We grant Attorney Kelly's Petition to Withdraw, and affirm the judgment of sentence.

The trial court concisely set forth the history underlying this appeal as follows:

---

[1] **See** 18 Pa.C.S.A. §§ 3702(a), 903(c), 2701(a)(3).

Subsequent to a bench trial occurring on October 29, 2013, [Montalvo-Rivera] was found guilty of [the above-described offenses, following] a carjacking [that he and three other co-conspirators (collectively referred to as "the co-conspirators") committed on the side of the road of Interstate 81 ("I-81"), outside of Kingston, Pennsylvania,] on June 26, 2012. On November 1, 2013[,] the trial … court announced [a guilty] verdict [] on all of the five counts contained in the criminal information. Sitting as a fact-finder, the trial judge additionally found [that Montalvo-Rivera] visibly possessed a firearm or replica of a firearm at the time of the commission of these offenses[,] which placed the victim[, MaryAnna Milner ("Milner"),] in reasonable fear of death or serious bodily injury.

Trial Court Opinion, 5/7/14, at 1 (some capitalization omitted).

On January 3, 2014, the trial court sentenced Montalvo-Rivera to serve an aggregate prison term of 60 to 160 months, followed by 24 months of probation. Montalvo-Rivera timely filed a Notice of Appeal, after which the trial court appointed Attorney Kelly to represent Montalvo-Rivera on appeal.

The trial court ordered Montalvo-Rivera to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Montalvo-Rivera timely complied.[2] In response, the trial court issued a Pa.R.A.P. 1925(a) Opinion, ruling that Montalvo-Rivera had waived his sufficiency challenge by failing to develop it with sufficient specificity. **See** Trial Court Opinion, 5/7/14, at 2-3.

---

[2] In the Rule 1925(b) Concise Statement, Attorney Kelly raised the following claim: "Whether there is sufficient evidence to convict [Montalvo-Rivera] of robbery of a motor vehicle; criminal conspiracy to commit robbery of a motor vehicle; criminal conspiracy to commit robbery; conspiracy to [commit] theft by unlawful taking; and simple assault[?]" Concise Statement, 4/21/14 (capitalization omitted).

Subsequently, Attorney Kelly filed with this Court an **Anders** Brief and Petition to Withdraw as counsel, opining that the sufficiency challenge that Montalvo-Rivera wished to raise on appeal was wholly frivolous and that there are no other meritorious issues to be presented.[3] Before addressing Montalvo-Rivera's sufficiency challenge, we must determine whether Attorney Kelly has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation.

Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[3] Montalvo-Rivera did not retain alternate counsel for this appeal, nor did he file a response to the Petition to Withdraw.

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the *Anders* requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006) (citation and brackets omitted).

Our review of Attorney Kelly's *Anders* Brief and Petition to Withdraw reveals that he has substantially complied with the requirements of *Anders*/*Santiago*.[4] *See Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008) (stating that substantial compliance with the requirements to withdraw as counsel will satisfy the *Anders* criteria). Additionally, Attorney Kelly has properly (1) provided Montalvo-Rivera with a copy of both the *Anders* Brief and Petition to Withdraw; and (2) appended to the Petition to Withdraw a copy of the letter that he sent to Montalvo-Rivera advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Accordingly, we next examine the record to make an independent determination of whether Montalvo-Rivera's appeal is, in fact, wholly frivolous.

---

[4] Attorney Kelly did not provide a summary of the relevant facts in his *Anders* Brief.

As mentioned above, the sole issue that Montalvo-Rivera presented in his Rule 1925(b) Concise Statement was a vague challenge to the sufficiency of the evidence supporting his convictions. It is well-established that

> when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [concise] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular importance in cases where[, as here,] … the [a]ppellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (citations and quotation marks omitted). If the appellant does not specify such elements, the sufficiency claim is deemed waived. *Id.* It is also well settled that "[w]hen the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided the functional equivalent of no Concise Statement at all." *Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008) (citations and internal quotation marks omitted); *see also* Pa.R.A.P. 1925(b)(4)(ii) (providing that "[t]he Statement shall concisely identify each ruling or error that the appellant intends to challenge *with sufficient detail to identify all pertinent issues for the judge*." (emphasis added)).

Here, Montalvo-Rivera's Concise Statement failed to specify the element or elements involved in his sufficiency challenge. Based upon this deficiency, the trial court determined that Montalvo-Rivera's Concise Statement was too vague to allow proper review of his claim of insufficient

evidence. *See* Trial Court Opinion, 5/7/14, at 2-3; *see also Gibbs, supra*.

Despite this defect, our independent review requires us to address the merits of Montalvo-Rivera's sufficiency challenge.

In the *Anders* Brief, Attorney Kelly explains that Montalvo-Rivera contends that his above-mentioned convictions were not supported by sufficient evidence for the following reasons:

> [Montalvo-Rivera] points to the testimony of [Milner,] wherein she could not identify the perpetrators, specifically [Montalvo-Rivera]. Milner also could not specify which of the perpetrators did what at the scene.
>
> [Montalvo-Rivera] further notes the testimony of [his] co-defendant, Jean Carlos Ventura-Betancourt (["]Betancourt["]). Betancourt admitted [that,] while he was charged with the same offenses as [Montalvo-Rivera], he was given a "deal" by the Commonwealth to testify[,] thereby [undermining Betancourt's] credibility.

*Anders* Brief at 6 (citations omitted).

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

- 6 -

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 2014 PA Super 181, at *83 (Pa. Super. 2014) (citation omitted). Moreover, in every criminal case, "[p]roof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction." *Commonwealth v. Hickman*, 309 A.2d 564, 566 (Pa. 1973).

Here, the transcript of the bench trial establishes that, in the early morning hours of June 26, 2012, Milner pulled her car off to the side of I-81, after an argument erupted between her and her husband. *See* N.T., 10/29/13, at 36. Milner's husband stormed off, leaving Milner alone in the car. *Id.* at 37. A short time later, another car, a silver Hyundai, pulled over in front of Milner's car, alongside I-81. *Id.* at 37-38. Four Hispanic men exited the Hyundai and approached Milner, who was still behind the wheel of her car. *Id.* at 39-40. After briefly questioning Milner through the driver's side window, three of the men lifted up their shirts and pointed what she believed to be guns at Milner. *Id.* at 41. Milner complied with their demands to exit the car, and pleaded with them to not shoot her because she has a baby at home. *Id.* at 41-42. Milner stated that the men then split up into groups of two and drove both of the cars away, at which time Milner ran for help. *Id.* at 43-44.

- 7 -

Betancourt testified as a witness for the Commonwealth and admitted his involvement in the crime. *Id.* at 54-55, 60-61. Betancourt stated that he, Montalvo-Rivera, and the other two co-conspirators had been drinking heavily earlier on in the evening, and that at some point, the group decided to go to a nearby Wal-Mart store to buy more beer, with Montalvo-Rivera driving the Hyundai. *Id.* at 54-57. Betancourt stated that, while inside the store, one of the co-conspirators stole several bb guns. *Id.* at 57, 113. According to Betancourt, while the group was driving back to their residence in Hazleton, they were inebriated and "talking about taking a car, [or] robbing a gas station[.]" *Id.* at 59. While driving on I-81, the men saw Milner's car pulled off to the side of the road, and Montalvo-Rivera decided to pull over. *Id.* According to Betancourt, he, Montalvo-Rivera, and the two other co-conspirators exited their car, approached Milner, and each pointed a bb gun at her and demanded that she exit her car. *Id.* at 59-60. Betancourt stated that Montalvo-Rivera was "in charge" of the group of co-conspirators, in that Montalvo-Rivera was giving them orders concerning what to do during the carjacking. *Id.* at 61. Betancourt stated that, pursuant to Montalvo-Rivera's directives, Montalvo-Rivera and one of the co-conspirators got into Milner's car, and Betancourt and the other co-conspirator returned to the Hyundai. *Id.* at 61. According to Betancourt,

Montalvo-Rivera got into the driver's seat of Milner's car and drove it away. ***Id.***[5]

Montalvo-Rivera correctly asserts that Milner was unable to identify him as one of the perpetrators, nor could she identify any of the co-conspirators. ***Id.*** at 54. Nevertheless, Montalvo-Rivera testified at trial and admitted that he was driving the Hyundai, and that he got out of the car with the other co-conspirators and approached Milner. ***Id.*** at 101, 111, 114. However, contrary to Betancourt's testimony, Montalvo-Rivera testified that he never pointed a weapon at Milner, and that he decided to immediately return to the Hyundai upon seeing the co-conspirators pointing weapons at Milner. ***Id.*** at 103, 115-18.

Here, the trial court judge, as the fact-finder, ostensibly credited the testimony of Milner and Betancourt, and discredited that of Montalvo-Rivera. We may not substitute our credibility determination for that of the fact-finder. ***See Commonwealth v. Sanchez***, 82 A.3d 943, 972 (Pa. 2013). Moreover, to the extent that there were conflicts between the testimony of Montalvo-Rivera and Betancourt, this issue goes to the weight of the evidence, not its sufficiency, and the trial court judge assessed the weight, if any, to be given this evidence. ***See Commonwealth v. Ratushny***, 17 A.3d

---

[5] Shortly after learning of the carjacking, the Pennsylvania State Police ("PSP") responded to the scene, eventually found Montalvo-Rivera and the co-conspirators hiding in the woods nearby, and arrested them. N.T., 10/29/13, at 85-86. Upon further investigation, the PSP found six unloaded bb guns inside of the Hyundai. ***Id.*** at 88-89.

1269, 1272 (Pa. Super. 2011) (stating that it is exclusively the province of the fact-finder to determine the weight to be accorded conflicting evidence).

Accordingly, we conclude that Montalvo-Rivera's sufficiency challenge lacks merit, and our independent review discloses no non-frivolous issues that he could present on appeal. Thus, we grant Attorney Kelly permission to withdraw under the precepts of **Anders**, and affirm the judgment of sentence.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/13/2015</u>