J-S08038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| NATHAN HAYNES, | : | |
| | : | |
| Appellant | : | No. 1151 WDA 2015 |

Appeal from the Judgment of Sentence entered on June 23, 2015
in the Court of Common Pleas of Mercer County,
Criminal Division, No(s): CP-43-CR-0001556-2014

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                     **FILED MARCH 08, 2016**

Nathan Haynes ("Haynes") appeals from the judgment of sentence imposed after a jury convicted him of three counts each of robbery and conspiracy to commit robbery, and one count each of harassment, conspiracy to commit harassment, and conspiracy to commit theft by unlawful taking.[1]  We affirm.

The trial court set forth the relevant procedural history and facts underlying this appeal as follows:

> On August 26, 2014, at about 6:05 a.m., Gary Butch ["Butch"] encountered two black males as he was walking toward his business [located in Grove City].  One was a large black male.[2]  The other was a smaller black male[, Enrico Rhodes ("Rhodes")].  [Haynes's] face was partially obscured with a bandana[,] and [Rhodes] had a hoodie drawn up tight around his face.  [Haynes] had a gun.

---

[1] **See** 18 Pa.C.S.A. §§ 3701(a)(1)(ii), (iii), 903(a), 2709, 3921(a).

[2] Butch later identified the larger individual as Haynes.

Butch was told by the two [men] to put his hands up or they would blow his fucking face off. [Haynes] struck Butch in the head with the gun and then made Butch follow [Rhodes] into Butch's place of business. Butch was forced through several rooms until they came to a room where his safe was located. When Butch indicated he did not have the combination, he was struck by [Haynes] several times with the gun and then pushed to the floor. On the floor, Butch was kicked by [Rhodes,] and [Haynes] poked him in the buttocks with the gun and told him he would shoot him in the ass. [Haynes] took Butch's wallet out of his pocket and some cash out of his shirt pocket. [According to Butch, t]he amount taken was between $500.00 and $600.00.

Butch blacked out for a moment. When he came to, he saw that the assailants were running across his parking lot. During the encounter, which lasted [between] 10 to 15 minutes, Butch had a good look at [Haynes's] eyes, ears and most of his nose. Butch was able to identify [Haynes] as the taller male based on [Butch's] observations, [Haynes's] walk and [his] voice.

One of Butch's employees arrived as [Haynes] and [Rhodes] were fleeing. [The employee] observed a black SUV go east from Butch's parking lot toward Grove City. The police were notified.

Corporal Mark Jaskowak ["Corporal Jaskowak"] of the Grove City Police Department [was in his patrol car, when he] saw a vehicle matching the description given [of the black SUV], coming toward him on Main Street, Route 58, going east as the officer was going west. [Corporal Jaskowak] turned around and followed the vehicle. The vehicle accelerated and a chase ensued. The vehicle went out of his sight for a few moments. [Corporal Jaskowak then] saw it [again,] stopped[,] and saw [Haynes] running from the vehicle. [Corporal Jaskowak exited his patrol car in pursuit, and] … apprehended [Haynes] within 200 yards of the vehicle. … [Corporal Jaskowak then placed Haynes in handcuffs and awaited backup support.] While detained, [Haynes] made two statements [to Corporal Jaskowak]. The first was "He owed me money." The second was "He had my money too long."

Trial Court Opinion, 9/3/15, at 6-8 (footnote added, some paragraph breaks omitted).

Grove City Police Officer William Moretti ("Officer Moretti") responded to Corporal Jaskowak's radio call for backup support. Upon arriving at the scene, Officer Moretti conducted a search of Haynes's person incident to the arrest. N.T., 4/21/15, at 160. Officer Moretti found a large amount of U.S. currency in Haynes's pants pocket, and proceeded to count the money in front of Haynes. *Id.* at 160-61.[3] After counting it all, Officer Moretti said aloud "557" (referring to the total amount of cash). *Id.* at 161. Haynes responded by saying "Yeah." *Id.* According to Officer Moretti, Haynes then said that Butch owed him $1,000, and that Butch had initiated the physical confrontation. *Id.* Haynes had not been advised of his *Miranda*[4] rights at the time of making these statements.

After Haynes's arrest, the Commonwealth charged him with, *inter alia*, the above-mentioned offenses. Haynes filed a pre-trial Motion to suppress, seeking suppression of, *inter alia*, his remark "Yeah" discussed above. The trial court denied the Motion to suppress after a hearing,[5] and issued Findings of Fact in support of its ruling.

---

[3] Officer Moretti explained on cross-examination that it is his policy, anytime that he finds an amount of currency on a detained suspect, to count it in front of them and state the total amount. N.T., 4/21/15, at 163; *see also id.* (wherein Officer Moretti stated that he does not necessarily expect a response from the suspect in such a situation, explaining "[w]hether they answer to what I say to them how much it is; some do, some don't.").

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] Officer Moretti presented the same testimony discussed above at the suppression hearing. *See* N.T., 2/4/15, at 17-20.

The matter proceeded to a jury trial. The trial court granted Haynes's request to represent himself at trial after conducting a colloquy, and appointed standby counsel. At the close of trial, the jury found Haynes guilty of the above-mentioned offenses.

Prior to sentencing, the trial court ordered the preparation of a pre-sentence investigation report ("PSI"). On June 23, 2015, the trial court sentenced Haynes to serve 7½ to 20 years in prison on one of his robbery convictions. The court imposed a sentence of 5½ to 15 years in prison on one of the conspiracy to commit robbery convictions.[6] Notably to the instant appeal, the court ordered these sentences to run consecutively. Both sentences were within the standard range of the applicable sentencing guidelines.

Haynes timely filed counseled post-sentence Motions, challenging the discretionary aspects of his sentence, and the weight and sufficiency of the evidence supporting his convictions. Following the trial court's denial of his post-sentence Motions, Haynes filed a timely Notice of Appeal. In response, the trial court ordered Haynes to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Haynes timely filed a Concise Statement, after which the trial court issued an Opinion.

On appeal, Haynes presents the following issues for our review:

> 1. Did the sentenc[ing] court err when it issued a clearly unreasonable[,] consecutive sentence to Haynes for

---

[6] The trial court imposed no further penalty on the remaining convictions, some of which merged for sentencing purposes.

robbery and conspiracy to commit robbery[,] resulting in a[n aggregate 13-] to 35[-]year [prison] sentence[,] in violation of a fundamental norm where a sentence of confinement should address a defendant's rehabilitative needs[?]

2. Did the trial court err when it denied Haynes'[s] Motion for a new trial and Motion for judgment of acquittal when [Butch] provided unbelievable identification testimony [concerning] Haynes[,] and[,] without the identification testimony[,] the record is insufficient to sustain a conviction of robbery and conspiracy to commit robbery[?]

3. Did the suppression court err when it denied Haynes'[s] Motion to suppress a statement made by Haynes when Officer Moretti counted money found on Haynes'[s] person and stated "557[,]" to which Haynes responded "Yeah[,]" because Officer Moretti's statement was a question that would naturally evoke an admission[,] and it was done [] without the reading of *Miranda* rights[?]

Brief for Appellant at 10-11 (capitalization omitted).

Haynes first argues that the sentencing court committed an abuse of discretion in sentencing him because it (1) imposed a "clearly unreasonable" and excessive sentence by ordering his separate sentences to run consecutively; and (2) failed to adequately consider his rehabilitative needs. *See id.* at 23-26.

Haynes challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for

allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Here, Haynes included a Rule 2119(f) Statement in his brief. *See* Brief for Appellant at 21-22. In considering whether Haynes's claims present a substantial question, we observe that he advances only the following substantive argument:

> The sentenc[ing] court believed it was justified in running the sentences consecutive[ly] for Haynes. The record was void of any testimony to suggest this was a crime with an extensive conspiracy between Haynes and any co-defendants. Any conspiracy existed at the moment of the crime. Therefore[,] suggesting a consecutive sentence is likened to sentencing [Haynes] twice for the same action. Such an occurrence would [] no doubt violate a fundamental norm of the criminal justice system. The record was also lacking of the [sentencing court's] consideration of the rehabilitative needs of Haynes.

*Id.* at 26.

It is well-settled that the imposition of consecutive as opposed to concurrent sentences is solely within the sound discretion of the trial court, and does not in and of itself present a substantial question. *See Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008). "[T]he imposition of consecutive, rather than concurrent sentences, may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d

365, 372 (Pa. Super. 2012) (*en banc*); *see also Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating that "a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." (emphasis omitted)). In the instant case, Haynes advances nothing more than a bald claim of excessiveness of sentence attributable to the consecutive nature of his sentences. Accordingly, this bald claim does not present a substantial question, *see Dodge, supra*, nor do we find Haynes's sentence to be unduly harsh under the circumstances. *See Lamonda, supra*.

To the extent that Haynes also baldly asserts, in merely a single sentence, that his sentence is improper due to the sentencing court's alleged failure to consider his rehabilitative needs, this claim does not present a substantial question warranting review. *See Commonwealth v. Griffin*, 65 A.3d 932, 936-37 (Pa. Super. 2013) (collecting cases and stating that "[t]here is ample precedent to support a determination that [a claim that the trial court failed to consider an appellant's rehabilitative needs] fails to raise a substantial question[.]"); *see also Johnson*, 961 A.2d at 880 (observing that "an allegation that a sentencing court … did not adequately consider certain factors does not raise a substantial question that the sentence was

inappropriate.").[7]  Accordingly, Haynes's first issue does not entitle him to relief.

Next, Haynes contends that his convictions were against the weight of the evidence, and also unsupported by sufficient evidence. ***See*** Brief for Appellant at 27-30.  Specifically, Haynes asserts that Butch's testimony was not credible and insufficient to establish Haynes's identity as one of the robbers.[8]  ***See id.*** at 29-30.  Haynes challenges Butch's testimony as follows:

> [] Butch testified that he could not see the face of either perpetrator[,] as they were disguised with a bandana[-]type face covering.  [] Butch testified that he sees no difference between the skin shade of all black people and therefore considered both

---

[7] Nevertheless, even if this claim presented a substantial question, we would determine that the sentencing court did not err in its consideration of Haynes's rehabilitative needs.  The sentencing court had the benefit of a PSI.  Where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).  Accordingly, it is presumed that the sentencing court here fully considered and weighed Haynes's rehabilitative needs. ***See id.***; ***see also*** N.T., 6/23/15 (sentencing), at 28-29 (wherein the sentencing court showed its consideration of Haynes's prior record, drug addiction issues, and other rehabilitative needs, and explained why the court deemed that imposing consecutive sentences was appropriate under the circumstances).

[8] We observe that Haynes conflates his challenges to the weight and sufficiency of the evidence into a single claim, and addresses both issues in a single argument section.  However, sufficiency of the evidence claims are distinct from weight of the evidence claims, as there are different standards of review as well as separate remedies. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (discussing the distinctions between the separate claims).  Although Haynes's failure to treat these two distinct claims separately is technically improper, ***see Commonwealth v. Santiago***, 980 A.2d 659, 661-62 (Pa. Super. 2009), we will briefly address them.

perpetrators as "dark skin." … Haynes and at least one of his co-defendants, Carl Hammonds, clearly had different skin tones. … [] Butch's testimony suggests that any black man could have committed this crime[,] and is therefore unreliable.

*Id.*

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. … Finally, *the finder of fact*[,] *while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence*.

***Commonwealth v. Melvin***, 103 A.3d 1, 39-40 (Pa. Super. 2014) (emphasis added, citation omitted). Moreover, in every criminal case, "[p]roof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction." ***Commonwealth v. Hickman***, 309 A.2d 564, 566 (Pa. 1973).

By contrast,

[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and

the award of a new trial is imperative so that right may be given another opportunity to prevail. *On appeal, [an appellate] Court cannot substitute its judgment for that of the jury on issues of credibility, or that of the trial judge respecting weight*. Our review is limited to determining whether the trial court abused its discretion[.]

*Commonwealth v. Sanchez*, 36 A.3d 24, 27 (Pa. 2011) (emphasis added, citations and quotation marks omitted); *see also Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (stating that "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." (citation omitted)).

Haynes's challenges to the weight and sufficiency of the evidence essentially ask us to substitute our judgment for that of the jury and reassess the credibility of Butch and his identification of Haynes. We may not do so under either standard of review. *See Melvin, supra*; *Sanchez, supra*. Moreover, a review of Butch's trial testimony reveals that he based his identification of Haynes upon having observed (1) a portion of Haynes's face, and his distinct, "pointed ear"; (2) Haynes's stature and physique; (3) the fashion in which Haynes walked; and (4) Haynes's "distinct voice." N.T., 4/21/15, at 46-49. It was within the sole province of the jury to determine whether these observations could allow Butch to make an accurate identification of Haynes, and we cannot disturb its findings. *See Melvin,*

- 10 -

*supra*; *Sanchez, supra*. Accordingly, we conclude that there was sufficient evidence to support Haynes's identity as one of the robbers. Further, we discern no abuse of the trial court's discretion in rejecting Haynes's weight of the evidence claim.

Finally, Haynes argues that the trial court erred by denying his Motion to suppress, challenging the admissibility of Haynes's statement "Yeah," in response to Officer Moretti's statement "557," after the officer had counted the amount of the currency found on Haynes's person. *See* Brief for Appellant at 32. According to Haynes, his statement was inculpatory and subject to suppression because it was made during a custodial interrogation without his having been read his *Miranda* rights. *Id.* at 32; *see also id.* (asserting that "[t]he statement made by Officer Moretti was of an inquisitive nature that called for a response. Haynes'[s] affirmative response suggested that he could have stolen [] Butch's money of $557[,] as [that amount] clearly falls within the reportedly stolen amount of $[5]00 to $[6]00.").

Our standard of review in suppression matters is well settled. "We must determine whether the factual findings of the suppression court are supported by the record and, assuming there is support in the record, we are bound by the facts and may reverse if the legal conclusions drawn from those facts are in error." *Commonwealth v. Pakacki*, 901 A.2d 983, 986 (Pa. 2006) (citation and brackets omitted).

*Miranda* warnings must precede a custodial interrogation. *Miranda*, 384 U.S. at 444, 478-79; *Commonwealth v. Williams*, 941 A.2d 14, 30 (Pa. Super. 2008) (*en banc*). An interrogation occurs when a police officer should have known that his or her actions or words were reasonably likely to elicit an incriminating response from the defendant. *Williams*, 941 A.2d at 30.[9]

> [I]n evaluating whether *Miranda* warnings were necessary, a court must consider the totality of the circumstances. In conducting the inquiry, we must also keep in mind that not every statement made by an individual during a police encounter amounts to an interrogation. Volunteered or spontaneous utterances by an individual are admissible even without *Miranda* warnings.

*Id.* (citation and brackets omitted); *see also Commonwealth v. Fisher*, 769 A.2d 1116, 1125 (Pa. 2001).

> Here, the suppression court addressed Haynes's claim as follows:

> It is the finding of this court that with respect to Officer Moretti's statement "557," that Officer Moretti did not ask this question in a manner that was reasonably likely to elicit an incriminatory response from [Haynes], nor in a manner that was calculated to, expected to, or likely to evoke an admission. [Officer Moretti] asked this question as a normal routine when inventorying money in front of a suspect. Consequently, the response, "Yeah," is not an admission warranting suppression. Any other statements made after the statement "Yeah," were spontaneous utterances by [Haynes] and are admissible … even though [Haynes] was not *Mirandized*.

Findings of Fact, 2/6/15, at 7 (capitalization and paragraph break omitted).

We agree with the suppression court's rationale, and conclude that the police

_____

[9] In the instant case, there is no dispute that Haynes was in custody at the relevant time; rather, at issue is whether Officer Moretti's remark to Haynes constituted an interrogation.

interaction that Haynes challenges did not constitute an interrogation, and therefore, Haynes's above-described comments were not suppressible.[10] *See, e.g., Commonwealth v. Clinton*, 905 A.2d 1026, 1031, 1033 (Pa. Super. 2006) (where a police officer conducted a traffic stop of the defendant's car and, while standing outside of the defendant's driver's side window, "asked [the defendant] if there were any weapons or anything else the officer should know about prior to [the defendant] rooting through the vehicle's glove compartment in search of registration and insurance information," holding that the officer's question did not constitute an interrogation, as it was "not of the type that would typically elicit incriminating statements"). Accordingly, we discern no error by the suppression court, and conclude that Haynes's final issue lacks merit.

Judgment of sentence affirmed.

---

[10] Moreover, we are persuaded by the Commonwealth's following assertion that Haynes's remark "Yeah" was not, itself, incriminating:

> [I]t is the *actual amount of the money recovered* from [Haynes], which fell within the range [that Butch] indicated that he believed was stolen from him, that is incriminating. [Haynes's] agreement as to the amount of money that was removed from his person and counted in front of him is [not] incriminating.

Brief for the Commonwealth at 20 (emphasis in original).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016