**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON WEBB, | : | |
| | : | |
| Appellant | : | No. 250 EDA 2017 |

Appeal from the Judgment of Sentence December 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001148-2016

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 26, 2018**

Appellant, Jason Webb, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following his convictions after a jury trial of Robbery, Criminal Conspiracy to commit Robbery, and Possession of an Instrument of Crime ("PIC").[1]  We affirm on the basis of the trial court's October 5, 2017 Opinion.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the underlying facts.  **See** Trial Court Opinion, filed 10/5/17, at 1-3.  Briefly, on October 7, 2015, Appellant used a BB gun to rob Star Mini Market in Philadelphia with three accomplices, including Kareem Hampton.  During the robbery, Appellant threatened the employee at the cash register with the BB gun.  After Hampton

---

[1] 18 Pa.C.S. § 3701(a)(1)(ii); 18 Pa.C.S. § 903; and 18 Pa.C.S. § 907(a), respectively.

took cigarettes and approximately $700 from the register, Appellant and his accomplices fled on foot. Surveillance cameras inside the store captured the entire robbery.

After the Philadelphia Police Department posted video of the robbery and sought help from the public, a Philadelphia police officer recognized Hampton. Appellant's ex-wife also viewed the video and recognized both Appellant and Hampton. Police recovered a pair of pants matching the pants Appellant was wearing during the robbery. After police arrested Hampton, Hampton confessed to his part in the robbery and identified Appellant as an accomplice.

The Commonwealth arrested Appellant and charged him with, *inter alia*, the above offenses. Appellant retained Angelo Cameron, Esq. to represent him. In September 2016, during a pre-trial conference held four days before the start of his jury trial, Appellant sought to be represented by Nino Tinari, Esq. Mr. Tinari appeared, asked the court to permit him to enter his appearance, and requested a continuance.

After expressing concern about the belated change of counsel that would require a continuance, the trial court spoke with Mr. Tinari, Mr. Cameron, and Appellant. Appellant clarified that his family hired Mr. Tinari after a fee dispute with Mr. Cameron. After reporting that Appellant had fired him the previous week, Mr. Cameron later assured both Appellant and the trial court that he

could set up a payment plan with Appellant and his family to resolve the dispute.

Appellant repeated his preference for Mr. Tinari, and Mr. Tinari stated that he might be able to prepare for the upcoming trial date if he reached an agreement with Appellant and his family. Appellant and his family did not reach such an agreement, and Mr. Tinari abandoned his attempt to enter his appearance in this case. Appellant proceeded to trial with his Mr. Cameron. However, at the end of jury selection on the first day of trial, Appellant again raised similar concerns about trial counsel and financial issues.

On September 16, 2016, a jury convicted Appellant of Robbery, Criminal Conspiracy to commit Robbery, and PIC. On December 22, 2016, the trial court sentenced Appellant to an aggregate term of 8½ to 17 years' incarceration, followed by 5 years' probation.

On December 27, 2016, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

[1.] Was the evidence [] insufficient to sustain guilty verdicts for [R]obbery, [C]onspiracy to commit [R]obbery and [PIC]?

[2.] Did the trial court err in denying [A]ppellant's choice of counsel?

Appellant's Brief at 7.

**Sufficiency of the Evidence: Identity**

Appellant first challenges the sufficiency of the evidence supporting each of his convictions. Appellant's Brief at 11-17. Specifically, he challenges only the element of identity because the robbery victim never identified Appellant as one of the robbers. *Id.* at 15. Appellant also claims "there was absolutely no scientific evidence tying [A]ppellant to the crime; no DNA, no prints, etc., nothing whatsoever that corroborated the biased, self-serving and unreliable testimony of Hampton and [his ex-wife]." *Id.* at 16.[2]

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). "Further, a conviction may be sustained wholly on

_____

[2] Appellant avers that his ex-wife's "testimony was biased and vindictive toward [A]ppellant, and the testimony of Hampton was the result of a self-serving deal with the district attorney's office." Appellant's Brief at 11. Insofar as Appellant focuses his argument on the contradictory testimony by these witnesses, his argument goes to the weight of the evidence and ignores our standard of review applicable to sufficiency challenges. We must view all of the evidence in the light most favorable to the Commonwealth as verdict winner and we may not reweigh the evidence and substitute our judgment for that of the fact-finder. *See Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014).

circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Id.* "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

The jury convicted Appellant of Robbery, Criminal Conspiracy to commit Robbery, and PIC. A person is guilty of Robbery if "in the course of committing a theft, he threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

To sustain the conviction for Criminal Conspiracy, there must be proof beyond a reasonable doubt that the defendant "(1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent[,] and (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006) (citation and quotation omitted). *See also* 18 Pa.C.S. § 903 (defining Criminal Conspiracy).

To sustain a conviction for PIC, the Commonwealth must prove that the defendant (1) possessed an instrument of crime, (2) with intent to employ it criminally. *See* 18 Pa.C.S. § 907(a). Under the statute, an "instrument of crime" is defined, in pertinent part, as "[a]nything specially made or specially adapted for criminal use." 18 Pa.C.S. § 907(d).

"In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes." ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010). "Evidence of identification need not be positive and certain to sustain a conviction." ***Commonwealth v. Orr***, 38 A.3d 868, 874 (Pa. Super. 2011) (*en banc*) (citation omitted).

Our Supreme Court has stated that "any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence." ***Commonwealth v. Hickman***, 309 A.2d 564, 566 (Pa. 1973) (citations omitted).

Our review of the record, in the light most favorable to the Commonwealth as the verdict winner, indicates that the evidence was sufficient to support every element of the offenses beyond a reasonable doubt. The Honorable Glynnis D. Hill, sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing Appellant's sufficiency claim. We affirm on the basis of the trial court's October 5, 2017 Opinion. ***See*** Trial Court Opinion, 10/5/17, at 4-6 (concluding that there is no merit to Appellant's sufficiency claim because, *inter alia*, (1) Appellant's ex-wife identified him as one of the robbers; (2) Hampton identified Appellant as one of the robbers; and (3)

- 6 -

Appellant's clothing matched the clothing he was wearing in the surveillance video).

**Choice of Counsel**

In his Brief, Appellant contends that "the trial court erred in denying [his] choice of trial counsel." Appellant's Brief at 17. Appellant avers that he did not want to be represented by Mr. Cameron, whom Appellant had previously asked to withdraw, and that Mr. Tinari, his preferred attorney, could have been ready for trial. *Id.* at 17-18. As noted above, Mr. Cameron had represented Appellant since December 2015, and Appellant made his request for a new attorney, based only on a fee dispute, only four days before the commencement of the scheduled trial.

A defendant's right to counsel, which is guaranteed by both the Sixth Amendment to the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution, guarantees the accused the right "to choose at his own cost and expense any lawyer he may desire." ***Commonwealth v. Radecki***, 180 A.3d 441, 472 (Pa. Super. 2018) (citations and quotations omitted). These rights are not absolute, and a trial court must balance them against the state's reasonable restrictions imposed to secure "the swift and efficient administration of criminal justice." *Id.* at 473 (citations and quotation marks omitted). Defendants may not "unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer

justice." ***Id.*** (citations and quotation marks omitted). ***See generally Commonwealth v. Baines***, 389 A.2d 68, 70 (Pa. 1978).

Pennsylvania Rule of Criminal Procedure 120 provides, in part, that "Counsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1). The comments to Rule 120 clarify that "[t]he court must make a determination of the status of a case before permitting counsel to withdraw." Comment to Pa.R.Crim.P. 120. In deciding whether to permit counsel to withdraw, the court must consider whether (1) "new counsel will be stepping in or the defendant is proceeding without counsel," (2) the change of counsel will "delay the proceedings or prejudice the defendant," and (3) "the defendant has failed to meet his or her financial obligations to pay for the attorney's services[.]" ***Id. See Commonwealth v. Magee***, 177 A.3d 315, 323 (Pa. Super. 2017) (describing balancing factors). We review the court's decision for an abuse of discretion. ***Id.*** at 322.

The trial court addressed Appellant's claim as follows:

At the trial readiness conference 4 days before the September 12, 2016 trial, the Appellant said he had a disagreement with his attorney (Angelo Cameron) and requested new counsel (Nino Tinari). The Court was concerned about unnecessarily delaying the trial and asked the Appellant why he wanted new counsel. The Appellant was concerned about attorney Cameron's fee. However, attorney Cameron told the court that he would resolve the fee dispute by working with the Appellant's family to create a payment plan. **With this difference resolved, the Appellant agreed to let attorney Cameron represent him.** As the court did not deny the Appellant his choice of counsel, this claim should be dismissed.

Trial Court Opinion at 3-4. **See also** N.T., 9/8/16, at 22-24 (where Appellant agrees to continue with Mr. Cameron).

Our review of the record indicates that the source of conflict here was a fee dispute between Mr. Cameron and Appellant's family and not an issue with the quality of legal representation that Mr. Cameron had provided. Due to this financial dispute, Appellant's family attempted to hire Mr. Tinari. The record shows that, because he immediately requested a continuance when he attempted to enter his appearance, Mr. Tinari was not prepared for Appellant's upcoming trial. N.T., 9/8/16, at 3.[3] Moreover, the trial court conducted a full colloquy regarding this issue to explain its concerns and clarify that, although Mr. Cameron was ready to proceed to trial in four days as scheduled, Appellant could be represented by Mr. Tinari if Appellant's family could reach a financial agreement with Mr. Tinari so he would be able to expedite his preparations and proceed to trial in four days.

Given that Appellant agreed to continue with Mr. Cameron after Mr. Cameron provided a new payment plan to the family, we conclude that Appellant was not denied his choice of counsel. Moreover, in encouraging a resolution of the fee dispute between Appellant and Mr. Cameron, the trial

---

[3] Even though Mr. Tinari suggested that he could have prepared for the upcoming trial if he reached an agreement with Appellant and his family, they never reached an agreement. Thus, Mr. Tinari abandoned his efforts to enter his appearance for Appellant's upcoming trial. **See** N.T. 9/9/16, at 3-6 (where the court discusses Mr. Tinari's decision not to enter his appearance).

court struck a reasonable balance to secure "the swift and efficient administration of criminal justice." **_Radecki_**, 180 A.3d at 473. Accordingly, Appellant's second issue warrants no relief.

In light of the foregoing, we affirm the Judgment of Sentence. The parties are instructed to attach a copy of the trial court's October 5, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/18

Circulated 06/26/2018 02:45 PM

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA

COMMONWEALTH OF PENNSYLVANIA     :     TRIAL DIVISION

                :  

V.                          :     CP-51-CR-0001148-2016

                :  

JASON WEBB, APPELLANT          :     250 EDA 2017

## OPINION

This Opinion addresses Appellant Jason Webb's Appeal of his judgement and sentence in this case. This court finds that the issues raised in the Appellant's Appeal lack merit for the reasons set forth in this Opinion.

## I. CASE HISTORY

On November 20, 2015, the Appellant was arrested and charged with Robbery (F1), Conspiracy to Commit Robbery (F1), Possession of a Firearm Prohibited (VUFA § 6105)(F2), Firearm Not to be Carried Without a License (VUFA § 6106)(F3), Carrying a Firearm in Public in Philadelphia (VUFA § 6108)(M1), Theft (M1), Possession of an Instrument of Crime (M1), Receiving Stolen Property (M1), Simple Assault (M2), and Recklessly Endangering Another Person (M2).

On September 16, 2016, a jury found the Appellant guilty of Robbery, Conspiracy to Commit Robbery, and Possession of an Instrument of Crime. On December 22, 2016, the court sentenced Appellant to a term of imprisonment of 8 ½ - 17 years for Robbery, followed by five years of probation for Conspiracy to Commit Robbery. No further penalty was imposed for the remaining offense.

CP-51-CR-0001148-2016 Comm v WEBB JASON
Opinion

8011936321

On December 27, 2016, Appellant filed a Notice of Appeal to the Superior Court, and on July 3, 2017, Appellant filed his Statement of Matters Complained of on Appeal raising the following issues.[1]

1. The Trial Court erred in denying appellant's choice of trial counsel.

2 The evidence was insufficient to support the guilty verdicts as there was no corroborating scientific evidence (i e., D.N.A., conclusive latent prints) establishing appellant committed any of the elements of the charged crimes; the only evidence came from the self-interested, tainted, incredible, materially inconsistent and changing testimony of admitted robber Kareem Hampton, and the biased and unreliable testimony of a former scorned lover against whom appellant had an active protection from abuse order, Samantha Hutchinson.

## II. FACTS

On October 7, 2015, the Appellant robbed the Star Mini-market located at 1214 Ritner Street with the help of three accomplices.[2] Prior to the robbery, the Appellant met with his accomplices at the Jenks schoolyard one block from the mini-market.[3] The Appellant entered the store, pointed a BB gun at the Complainant (Xue Zheng), and said "give me the money"[4] Kareem Hampton then took the BB gun from the Appellant and continued to threaten the Complainant with it.[5] Hampton then walked behind the counter and took approximately $700 from the register as well as cigarettes.[6] The Appellant and his accomplices then left the store and fled on foot.[7] The entire robbery was captured by surveillance cameras in the store.[8]

On October 8, 2015, the Philadelphia Police Department placed a copy of the surveillance video on its YouTube channel and requested help from the public in identifying the

---

[1] Copied verbatim from the Appellant's Statement of Matters Complained on Appeal pursuant to Pa R.A.P 1925(b).
[2] Identified as Kareem Hampton, Johnathan Kinsley, and Billy Quigley by Kareem Hampton Notes of Testimony, 9/14/16, p 44-58
[3] Id
[4] The Complainant testified that he believed that the weapon was a real firearm and feared for his safety The BB gun was not recovered Notes of Testimony, 9/13/16, p 66-67
[5] Notes of Testimony, 9/14/16, p 56
[6] Id at 56-57
[7] Id
[8] Id at 136-140

2

perpetrators.[9] Samantha Hutchinson, the Appellant's ex-wife, viewed the video and recognized both the Appellant and Kareem Hampton.[10] Officer Francis Schill viewed the video and recognized Kareem Hampton.[11] On November 5, 2015, Detective Robert Spadacinni executed a search warrant at the Appellant's home (1336 Corlies Street) and recovered a pair of pants matching the ones worn by the Appellant in the surveillance video.[12] On November 21, 2015, police arrested Kareem Hampton.[13] Hampton confessed to his part in the robbery and identified the Appellant as one of the other perpetrators.[14] Shortly, thereafter, the Appellant was arrested.

### III. DISCUSSION

## I. The Court Did Not Deny the Appellant's Choice of Trial Counsel

The Appellant contends that the court denied his choice of trial counsel. However, this claim lacks merit.

It is well-settled that "a defendant has a constitutional right to choose any lawyer he may desire, at his own cost and expense." Commonwealth v. Rucker, 761 A.2d 541, 542 (2000). However, the right of a defendant to choose his own counsel "must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." Id. at 543

At the trial readiness conference 4 days before the September 12, 2016 trial, the Appellant said he had a disagreement with his attorney (Angelo Cameron) and requested new

---

[9] Id
[10] Id at 89-90
[11] Id at 133-136
[12] Id at 140-144
[13] Id at 59-60
[14] Hampton also identified Rocco Maniscalco and Anthony Degasto as the other two individuals who participated in the robbery at this time However, he later admitted that this was a fabrication insofar as he had identified those two individuals as participants, but Hampton remained steadfast that Appellant had participated in the robbery Id at 63-69

3

counsel (Nino Tinari).[15] The Court was concerned about unnecessarily delaying the trial and asked the Appellant why he wanted new counsel. The Appellant was concerned about attorney Cameron's fee.[16] However, attorney Cameron told the court that he would resolve the fee dispute by working with the Appellant's family to create a payment plan. With this difference resolved, the Appellant agreed to let attorney Cameron represent him.[17] As the court did not deny the Appellant his choice of counsel, this claim should be dismissed.

## II.     The Evidence Was Sufficient to Support the Guilty Verdicts

The Appellant next contends that the evidence was insufficient to support a guilty verdict. This claim is without merit.

When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. Com. v. Miller, 572 Pa. 623, 632 (2002). When a verdict is contrary to the physical facts, human experience, and the laws of nature, then the evidence is insufficient as a matter of law. Com. v. Widmer, 560 Pa. 308, 318-319 (2000) (*citing* Com. v. Santana, 460 Pa. 482 (1975)). This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Com. v. Jackson, 435 Pa. Super. 410, 645 A.2d 1366, 1367 (1994). Keeping these principles in mind, we will now evaluate the evidence to determine whether the Commonwealth established the Appellant's guilt beyond a reasonable doubt.

---

[15] September 8, 2016

[16] The Appellant's family was having difficulty paying counsel's fees and the Appellant felt harassed by counsel's request for payment Notes of Testimony, 9/8/2016, p 22-24

[17] Id

4

### i. Robbery

Under 18 Pa C S.A. §3701(a)(1), a person is guilty of robbery if, in the course of committing a theft, he: (1) inflicts serious bodily injury upon another, (2) threatens another with or intentionally puts him in fear of immediate serious bodily injury, (3) commits or threatens immediately to commit any felony of the first or second degree, (4) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury, or (5) physically takes or removes property from the person of another by force however slight.

In this case, the Commonwealth presented sufficient evidence to show beyond a reasonable doubt that the Appellant committed robbery. During the trial, the Commonwealth established that the Appellant was one of the robbers through the testimonies of Samantha Hutchinson and Kareem Hampton (a co-conspirator). The Commonwealth also presented clothing the Appellant was believed to have worn during the robbery.[18] Finally, the Commonwealth presented a surveillance video showing the Appellant entering the store, pointing a BB gun at the Complainant, and taking approximately $700 and numerous cigarette cartons.[19] Given all of this evidence, there is no question that the Commonwealth established that the Appellant committed robbery. Therefore, this claim should be denied.

### ii. Conspiracy

Under Pa.C.S.A § 903(a), a person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which

---

[18] This was captured in the surveillance video  Notes of Testimony, 9/13/16, p 108-110  According to the Commonwealth's expert witness, although fingerprints taken from the scene did not definitively place the Appellant at the robbery, they also did not exclude his presence  Notes of Testimony, 9/14/17, at p 35-36

[19] The Complainant's belief that he was being threatened with a real semi-automatic weapon is sufficient to show that the Complainant was in fear of immediate serious bodily injury

5

constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

In this case, the Commonwealth demonstrated through the testimony of Kareem Hampton that the Appellant planned the robbery with Hampton and two others. This testimony was corroborated by the surveillance video showing four individuals committing the robbery. As the evidence implicates the Appellant, the elements of conspiracy were established.

### iii. Possession of an Instrument of Crime

Under Pa.C.S.A. § 907(a), a person commits a misdemeanor of the first degree if he: (1) possesses any instrument of crime, (2) with intent to employ it criminally.

In this case, the Commonwealth established beyond a reasonable doubt that the Appellant possessed an instrument of crime. The Appellant's culpability was established by the Complainant, Kareem Hampton, and the surveillance showing the Appellant using a gun during the robbery. The first element of Possession of an Instrument of Crime (PIC) was satisfied because the Commonwealth showed that the Appellant possessed a criminal instrument (i.e., a gun). The second element is also satisfied because the Appellant employed the gun criminally to commit the robbery. Therefore, all the elements of PIC were met.

6

## IV. CONCLUSION

The Appellant's appeal should be dismissed for two reasons. First, the Appellant was not denied counsel of his choice  The reality is that the Appellant agreed that attorney Cameron would represent him after Cameron volunteered to work out a payment plan.[20] Second, the Commonwealth provided sufficient evidence to show beyond a reasonable doubt that the Appellant was guilty of all offenses.

By the Court,

_____
Glynnis D. Hill, Judge

---

[20] Just as compelling, the state's interest in swift and efficient administration of justice was of paramount importance

7