## Commonwealth *v.* Hickman, Appellant.

428

Argued April 24, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James A. Ashton,* for appellant.

*J. Kent Culley,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September 19, 1973:

On October 7, 1971, Deuene Hickman was found guilty by a jury of murder in the first degree. Post-trial motions were denied and a sentence of life imprisonment was imposed. This appeal followed.

The crucial evidence adduced in the Commonwealth's case in chief was the identification testimony of the victim's son and daughter who saw the appellant fleeing from the scene. Appellant contends that the

identification testimony was insufficient to establish the guilt of appellant beyond a reasonable doubt. This contention is without merit.

Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction. *Commonwealth v. Reid,* 123 Pa. Superior Ct. 459, 187 A. 263 (1936). The evidence of identification, however, needn't be positive and certain in order to convict, although any indefiniteness and uncertainty in the identification testimony goes to its weight. *Commonwealth v. Mason,* 211 Pa. Superior Ct. 328, 236 A. 2d 548 (1967). Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence. *See, e.g., Commonwealth v. Carroll,* 412 Pa. 525, 194 A. 2d 911 (1963); *Commonwealth v. Whiting,* 409 Pa. 492, 187 A. 2d 563 (1963). The rule as stated in *Commonwealth v. Kloiber,* 378 Pa. 412, 424-25, 106 A. 2d 820, 826, *cert. denied* 348 U.S. 875 (1954), is that "[w]here the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination positive and unqualified, the testimony as to identification need not be received with caution—indeed the cases say that 'his [positive] testimony as to identity may be treated as the statement of a fact': *Commonwealth v. Ricci,* 161 Pa. Superior Ct. 193, 195, 54 A. 2d 51; *Commonwealth v. Sharpe,* 138 Pa. Superior Ct. 156, 159, 10 A. 2d 120."

In the instant case two witnesses positively identified the appellant as the one seen fleeing the house. The possible bias of the witnesses and the circumstances surrounding their opportunities to see their mother's assailant were questions for the jury. The test of sufficiency of evidence is whether accepting as true all evi-

dence and all the reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that defendant is guilty. *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970). Here, where both witnesses were acquainted with the subject of identification, their positive unqualified identifications were sufficient proof of identity and appellant's motion in arrest of judgment was properly denied by the lower court.

Appellant next argues that a new trial is required because of prejudicial error in the admission of the Commonwealth's rebuttal evidence. During the Commonwealth's case in chief the testimony had established that the murder weapon was a .32 caliber automatic pistol, but had failed to link any such weapon to the appellant. The appellant later took the stand on his own behalf and was asked on cross-examination if he had ever owned a .32 caliber Beretta pistol, if he had ever been to the Hughes Gunsmith Shop, and in particular whether he had taken a .32 caliber Beretta automatic to that gun shop for repairs on January 2, 1970. To all these inquiries appellant responded in the negative.

In rebuttal, the Commonwealth called Edward L. Hughes, owner of the gun shop. Hughes testified that on January 2, 1970, the appellant had brought a Beretta pistol to him for repair, and that he, Hughes, had fired several bullets into a bullet trap. Hughes testified that he later recovered approximately eighty .32 caliber bullets which had been accumulating in the trap for ten years. These bullets later came into the possession of William Valenta, the Commonwealth's ballistic expert, who testified that two of the bullets had been fired from the murder weapon. Appellant objected to this testimony as improper rebuttal evidence.

We have repeatedly held that the order of presentation of evidence is a matter which is largely within the discretion of the trial judge. The introduction of evidence by the Commonwealth, after the defense rests its case, which could have been offered by the Commonwealth during its case in chief is not necessarily grounds for reversal. *Commonwealth v. Koch*, 446 Pa. 469 (1972). Evidence is admissible in rebuttal to contradict that offered by defendant or his witnesses, even though by doing so the Commonwealth corrects fatal defects in its case in chief. 2 Henry, Pennsylvania Evidence, §730 (4th ed. 1953). In addition, a party may produce evidence to rebut testimony which he himself elicited from his opponent's witness on cross-examination. *Blauvelt v. Delaware, Lackawanna & Western Railroad Co.*, 206 Pa. 141, 55 A. 857 (1903). Clearly, the testimony of Mr. Hughes which contradicted the appellant's testimony on cross-examination was properly admitted as rebuttal. The further testimony by Mr. Hughes describing shooting the pistol into the bullet trap, retrieving the bullets and handing them over to the police would be admissible, as held by the lower court, as an elaboration of the previous rebuttal testimony.

For the same reason, the lower court also held admissible the testimony of Lieutenant Valenta which showed two of the bullets fired from the bullet trap to have been fired from the murder weapon. This was error. It is not proper to submit on rebuttal, evidence which does not in fact rebut the opponent's evidence. *Myers v. Metropolitan Life Insurance Co.*, 152 Pa. Superior Ct. 507, 33 A. 2d 253 (1943). The admission of testimony which is not strictly rebuttal, however, is within the discretion of the trial court and, if relevant, the fact that it was offered in rebuttal when it should have been offered in chief is not alone grounds for reversal. *Commonwealth v. Hradesky*, 170 Pa. Superior

Ct. 24, 29, 842 A. 2d 393, 396 (1951). Linking the murder weapon to the appellant was important evidence for the Commonwealth and should have been offered, if possible, in its case in chief. Even if the only bullets which had ever been fired into the bullet trap had been from the pistol brought in by the appellant, the fact that those bullets matched the fatal bullets can in no way be said to *rebut* appellant's statements that he had never owned a .32 caliber pistol nor visited the Hughes Gun Shop.

More importantly, the testimony of Lieutenant Valenta was not relevant. Therefore, it was not admissible even if presented in the Commonwealth's case in chief. Thus, the rule of *Hradesky, supra,* is inapposite. Evidence is relevant if it tends to establish some fact material to the case or tends to make facts at issue more or less probable. *Commonwealth v. Myers,* 439 Pa. 381, 384, 266 A. 2d 756, 758 (1970). The evidence that two unidentified bullets taken from the bullet trap matched the fatal bullets tended only to show that at one time in a ten year period the murder weapon was fired into Hughes' bullet trap. Although this evidence may be logically relevant as enhancing the *possibility* that the gun brought in by appellant was the murder weapon, it does not enhance the *probability* that such was the case.

The Commonwealth contends that the question of relevancy is controlled by this Court's recent opinion in *Commonwealth v. Hoss,* 445 Pa. 98, 283 A. 2d 58 (1971). In *Hoss,* the same Lieutenant Valenta testified to a number of "matching similarities" between the fatal bullet and the bullets from the revolver found in the possession of the defendant, but admitted that he could not conclusively state that the fatal bullet was fired from the defendant's gun. Speaking to the issue of relevancy, the Court in *Hoss* held that this

testimony established that the fatal bullet could have been fired from the same caliber and make of gun found in the possession of the defendant, and was relevant since it "significantly advanced the inquiry." 445 Pa. at 115-16, 283 A. 2d at 68. In the instant case, Lieutenant Valenta has conclusively matched the bullets, but has connected neither to the appellant. Thus, in contrast to *Hoss*, the inquiry regarding appellant's possession of the murder weapon was not significantly advanced. Nor can the admission of Valenta's testimony be sustained on the theory that such evidence made the testimony of the chief rebuttal witness, Edward Hughes, more credible. Even assuming the propriety of allowing evidence in support of Hughes' credibility,[1] Valenta's testimony was not relevant to that issue;[2] it did not corroborate Hughes' statement that the appellant had brought a .32 caliber pistol to his shop, nor tend to show the validity of that statement.

Potential prejudice is a significant factor, and evidence which is logically relevant should be excluded where its probative value is outweighed by the unfair prejudice that would result from its admission. 1 Pennsylvania Trial Guide §7.3 (Feldman rev. ed. 1973). Giving the jury Lieutenant Valenta's testimony may well have resulted in inaccurate and unfair deductions. Although there would have been sufficient evidence to support a conviction without Valenta's testimony, we are not convinced that the error of law in its admission did not control the outcome of this case.[3]

---

[1] Since Hughes' credibility was never attacked, it is questionable whether evidence to support him is admissible at this stage.

[2] In addition, the evidence was not received for this purpose, nor was the jury so instructed.

[3] In view of our disposition of this issue it is unnecessary to review appellant's contention that the trial court erred in its charge to the jury on the issue raised by the Court of effective assistance of counsel.

Judgment of sentence reversed and a new trial granted.

Mr. Justice EAGEN dissents.