## Commonwealth v. Christofferson

*Robert A. Mix*, *Assistant District Attorney*, for Commonwealth.

*Joseph P. Green*, of *Litke, Lee, Martin, Grine & Green*, for defendant.

CAMPBELL, S.J., February 24, 1978—A jury found defendant guilty of rape and involuntary deviate sexual intercourse. Timely motions for a new trial and in arrest of judgment were filed.

## MOTION FOR NEW TRIAL

Defendant seeks a new trial on two grounds— first, that the court erred in permitting a rebuttal witness to testify, and, secondly, that the court erred in its charge with respect to burden of proof.

The victim testified that while hitchhiking she had accepted a ride from the truck driver defendant, who promised to transport her to the Washington, D.C., area. Shortly after accepting the ride

they stopped at a roadside rest where she placed a telephone call to one Jeffrey Tallon, her boyfriend, to inform him that she had received a ride to the Washington, D.C., area and to make further travel arrangements. On cross-examination she testified that she did not have an argument with her boyfriend and that she was not upset with him at the conclusion of their conversation. Defendant admitted that the victim made a telephone call, but that he did not overhear the conversation, that he did not agree to take her to the Washington, D.C., area, and that she appeared very upset after the telephone call. Over defense counsel's objection we allowed the Commonwealth to place Mr. Tallon, the victim's boyfriend, on the witness stand. He testified that the victim had informed him that she had received a ride from a truck driver who was bringing her to the Washington, D.C., area and that she would arrive at approximately 4:00 a.m. He further testified that he and the victim did not have an argument and from her conversation she did not appear to be upset.

Defense counsel's objection to this testimony is fourfold: first, that it was improper rebuttal evidence; second, that it was hearsay; third, that it was irrelevant; and, fourth, that it tended to generate inaccurate and unfair deductions.

The order of presentation of evidence is a matter which is largely within the discretion of the trial judge, and the introduction of evidence by the Commonwealth after the defense rests its case, which could have been offered by the Commonwealth during its case in chief is not necessarily ground for reversal: Com. v. Hickman, 453 Pa. 427, 309 A. 2d 564 (1973).

We do not believe the testimony of the rebuttal witness violated the hearsay evidence rule. Both

the victim and the rebuttal witness testified at the trial and were available for cross-examination. The testimony of the rebuttal witness was circumstantially relevant and corroborated the statement of the victim that she had been told that she was being driven to the Washington, D.C., area. In addition, we believe that the testimony was not irrelevant. "Evidence is relevant if it tends to establish some fact material to the case or tends to make facts at issue more or less probable." Com. v. Hickman, supra.

Finally, we find no inaccuracies or unfair deductions which could arise from allowing the rebuttal witness to testify as he did.

As part of the court's charge we made the following statement: "The defense contended it was voluntary and consented to. If you find that was the case then the defendant would not be guilty because there would be no forcible compulsion."

We have reread the entire charge. Detailed instructions were clearly given to the jury and throughout the charge it was reiterated that the burden of proving defendant guilty beyond a reasonable doubt was on the Commonwealth. Even though this isolated statement may give rise as to some doubt as to the burden of proof, the charge clearly explains that the burden is on the Commonwealth. "[I]n evaluating the correctness of instructions to a trial jury, the charge must be read and considered as a whole, and it is the general effect of the charge that controls." Com. v. Rodgers, 459 Pa. 129, 132, 327 A. 2d 118 (1974).

## MOTION IN ARREST OF JUDGMENT

It is defendnt's contention that under the facts and circumstances of this case defendant could not

be guilty of both rape and involuntary deviate sexual intercourse. We agree.

The testimony indicates that the victim and defendant were not husband and wife. The testimony of the victim further indicates that in addition to conventional sexual intercourse defendant also had intercourse per os and per anus. The Crimes Code, 18 Pa.C.S.A. §3101, defines deviate sexual intercourse as follows: "Sexual intercourse per os or per anus between human beings who are not husband and wife."

It likewise defines sexual intercourse as follows: "In addition to its ordinary meaning, includes intercourse per os or per anus . . ."

Since defendant was found guilty of the crime of rape in that he had sexual intercourse with the victim, the definition of sexual intercourse is broad enough to cover all of the acts to which the victim testified.

"[F]or two crimes to merge, one must 'necessarily involve' the other . . . in order for one crime necessarily to involve another, the essential elements of one must also be essential elements of the other [and] the crime be part of the same transaction." Com. v. Olsen, 247 Pa. Superior Ct. 513, 520, 372 A. 2d 1207.

"The true test of whether one criminal offense has merged in another is not . . . whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime necessarily involves another." Com. ex rel. Moszczwynski v. Ashe, 343 Pa. 102, 21 A. 2d 920 (1941).

"Defendant . . . sentenced for one crime . . . may not receive additional sentences for lesser crimes which are only constituents of the more serious crime." Com. v. Nelson, 452 Pa. 275, 305 A. 2d 369 (1973).

We therefore believe that defendant's motion in arrest of judgment should be sustained as to the charge of involuntary deviate sexual intercourse.

We enter the following

## ORDER

And now, February 24, 1978, defendant's motion for a new trial is refused; and defendant's motion in arrest of judgment as to the charge of involuntary deviate sexual intercourse is sustained, and refused as to the conviction of rape. Defendant is ordered to appear for sentencing at the direction of the district attorney.