400 A.2d 221

COMMONWEALTH of Pennsylvania

v.

Sidney GIBSON, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1978.

Decided March 30, 1979.

Ronald Rubin, Philadelphia, for appellant.

Nancy Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County by the defendant-appellant, Sidney Gibson, after conviction in a non-jury trial of robbery and conspiracy. Post-trial motions were denied and he was sentenced to seven concurrent terms of ten years probation.

The facts are as follows: On April 4, 1977, at approximately 10:45 p. m. two men entered the Stardust Bar at 18th and Rockland Avenue in Philadelphia. While one of the two men held a shotgun on the patrons of the bar, the other, Sidney Gibson, the defendant herein, ordered the patrons to put their money on the bar. After collecting the money, defendant stated, "If I find anything left on anybody we're going to blow them away". Defendant then proceeded to search James Johnson, the owner of the bar, stating to another patron, "Tell him I'll blow him away". The defendant and his partner then backed out of the bar, fled in an automobile and were pursued by James Johnson and the police. Defendant was arrested at his home approximately two hours later, at 12:45 a. m., April 5, 1977.

The only questions raised on appeal are (1) should the psychiatric-neurological testimony have been admitted under the rationale of *Commonwealth v. Walzack*, 468 Pa. 210, 360 A.2d 914, 918 (1976). Since the proffer of proof targeted not only on defendant's general "personality makeup", but upon his mental incapacity to formulate the specific intent required in the crime of robbery; and, (2) even if the proffered evidence is held to be unrelated to defendant's specific intent as introduced, should it still be admitted as bearing on the probability that this defendant committed the crime charged? Both questions were answered in the negative by the court below.

The Commonwealth contends that the defendant waived his right to raise the question concerning the admissibility of the psychiatric evidence by failure to include his claim that the testimony would tend to negate the specific

intent to commit robbery in his offer of proof. An offer of proof must be sufficient to alert the trial judge of the purpose for which the evidence is being offered, and a trial court's exclusion of evidence must be evaluated on appeal in the contents of the offer at the time it was made. *Commonwealth v. Cain*, 471 Pa. 140, 149, 369 A.2d 1234 (1977); *Commonwealth v. Harper*, 479 Pa. 42, 387 A.2d 824, 827 (1978). A party specifying the purpose for which evidence is admissible cannot later complain on appeal that the evidence was admissible for still another purpose. *Commonwealth v. Cain*, supra.

■ The offer of proof demonstrates that the psychiatrist's testimony was offered to show that the defendant's personality traits were such that he was not likely to participate in a robbery. The offer was as follows:

"The purpose of my calling Dr. Nelson is to establish that this defendant does not have the mental or emotional capacity to formulate and carry out a scheme of robbery such as was testified to by the prosecution witnesses. If permitted to testify ＿ ＿ ＿

(Discussion off the record)

"If permitted to testify, Dr. Nelson would state that he had fully examined the defendant, having treated him for a period of time prior to the date of this alleged incident, that Dr. Nelson has found him to suffer from a condition he calls schizophrenic reaction, chronic differentiated type. This condition is characterized by exacerbations and remissions.

"Dr. Nelson would further find that the defendant does not have the mental capacity of presenting himself in a situation involving danger, aggression, or emotional stress; and that the defendant, *if confronted by such a situation would react with complete avoidance.*

"I suggest to the Court that testimony relating to the mental capacity of this defendant would be *analogous to bringing in a physician that would testify to some physical incapacity so as would not permit the defendant to perform those acts testified to by prosecution witnesses.*"

From this offer the purpose of the testimony was not to negative intent, but rather to cast doubt on whether defendant had in fact committed the criminal act. As the court below said:

"Lastly, defendant complains that the Court improperly excluded the offer of testimony of a 'psychiatrist-neurologist' to show that because of defendant's general mental condition he could not formulate and carry out the scheme of robbery described in this case; that if confronted by a perilous situation, his action would be of complete avoidance.

"Any analysis of the admissibility of a particular kind of evidence must begin with a consideration of its relevance and probative value. *Commonwealth v. Walzack*, 468 Pa. 210, 360 A.2d 914, 918 (1976); *Commonwealth v. Jones*, 459 Pa. 62, 66, 327 A.2d 10, 13 (1974). Psychiatric evidence once held to be admissible, is now clearly admissible when it is relevant and probative. *Commonwealth v. Walzack*, supra; *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 286 (1972). Evidence is probative and relevant if it tends to establish some fact material to the case or tends to make facts at issue more or less probative. *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973); *Commonwealth v. McCusker*, supra. Where the crime charged requires proof of a specific type of mental state, psychiatric testimony is admissible to negate that specific state of mind. *Commonwealth v. Walzack*, supra.

"Defendant was charged and convicted of robbery. To be convicted of robbery, it must be shown that in the course of committing a theft, the defendant 'intentionally' put his victim in fear of immediate 'serious bodily injury'. 18 Pa.C.S.A. 3701. Thus, it would be proper for the prosecution to prove that defendant had the intent of putting the robbery victim in imminent fear of serious bodily injury, while the defendant or his accomplice took property from them. Intent is the specific awareness of what defendant wants to do and what he wants to accomplish. See 18 Pa.C.S.A. 302(b)(1)(ii). By the same token,

it would be proper for the defendant to negate the inference that he had that specific intent. However, in this case, the proffered testimony does not target on defendant's mental state at the time of the criminal incident. The proffered psychiatric testimony goes to defendant's personality make up, that he is a psychotic and therefore not a criminal. It begs the very question at issue, the guilt or non-guilt of the defendant, and substitutes an opinion of this expert for the sound judgment of a judicial fact finder."

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.