J-S73044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON VAUGHN SWEITZER, | : | |
| | : | |
| Appellant | : | No. 865 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 25, 2019
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007445-2017

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　**FILED: FEBRUARY 7, 2020**

Brandon Vaughn Sweitzer ("Sweitzer") appeals from the judgment of sentence imposed following his convictions of rape and sexual assault.[1]  We affirm.

On the evening of September 16, 2016, Sweitzer, C.F., Jennifer Rohrbaugh ("Rohrbaugh"), and two of Sweitzer's friends gathered at Rohrbaugh's home in Manchester, Pennsylvania, for a bonfire and some alcoholic drinks.  Around midnight, C.F. and Rohrbaugh went inside the home to sleep.  C.F. slept in Rohrbaugh's guest bedroom.  Sweitzer and his two friends went to a local bar for a couple hours, then returned to Rohrbaugh's

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(3), 3124.1.

home. At some point in the night, Sweitzer entered the room in which C.F. was sleeping, and engaged in sexual relations with C.F.[2]

The next morning, C.F. left Rohrbaugh's home, drove to a nearby Rutter's convenience store, called 911, and told police that she had been sexually assaulted by Sweitzer[3] the previous night. Sweitzer was subsequently charged with rape and sexual assault.

At trial, following C.F.'s testimony during the prosecution's case-in-chief, the prosecutor advised the court that C.F. intended to observe the rest of the trial. Sweitzer objected, and argued that if C.F. was not sequestered, she should not be permitted to give rebuttal testimony. The trial court denied Sweitzer's request to sequester C.F., and permitted C.F. to give rebuttal testimony after she had observed the totality of the trial, including Sweitzer's testimony.[4]

Following trial, the jury found Sweitzer guilty of the above-mentioned offenses. The trial court sentenced Sweitzer to five to ten years in prison.

---

[2] C.F. testified at trial that she had been asleep when Sweitzer entered the room, and that she awoke to find him having sex with her, without her consent. Sweitzer testified at trial that C.F. was awake and talked with him when he entered the room, and consented to the sexual relations.

[3] C.F. only knew Sweitzer by his first name. The investigating police officers obtained Sweitzer's last name and phone number from Rohrbaugh.

[4] The trial court initially ruled that C.F. would not be permitted to give rebuttal testimony if she observed the trial. However, the trial court changed its ruling before the trial resumed.

Sweitzer filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Sweitzer raises the following question for our review: "Whether, after initially finding [C.F.] had to be sequestered for [Sweitzer's] testimony[,] because [C.F.] would be testifying in rebuttal, the trial court erroneously reversed itself and allowed her to be present for Sweitzer's testimony before taking the stand and rebutting that very testimony?" Brief for Appellant at 4.

> This Court's standard of review for a trial court's decision on sequestration of witnesses is abuse of discretion. We will not reverse a trial judge's decision to grant or deny sequestration absent a clear abuse of discretion. Moreover, an appellant must demonstrate that he or she was actually prejudiced by a trial judge's sequestration order before any relief[ ]may be warranted.

*Commonwealth v. Stevenson*, 894 A.2d 759, 767 (Pa. Super. 2006) (citations and quotation marks omitted), *overruled on other grounds by Commonwealth v. Hicks*, 208 A.3d 916 (Pa. 2019).

Sweitzer alleges that the trial court abused its discretion in denying his Motion to sequester C.F. from Sweitzer's testimony. *See* Brief for Appellant at 26-35. Sweitzer argues that by allowing C.F. to hear his testimony, C.F. was able to rehabilitate her own testimony from the prosecution's case-in-chief by molding it to fit Sweitzer's testimony. *Id.* at 28-31. Sweitzer claims that he was prejudiced as a result, because the jury's determination of the sole issue at trial, *i.e.*, whether C.F. consented to the sexual activity, was based on the credibility of C.F.'s and Sweitzer's testimony. *Id.* at 31-35.

"At a party's request[,] the court may order witnesses sequestered so that they cannot learn of other witnesses' testimony." Pa.R.E. 615. "A request for sequestration must be specific and supported by a showing that the interests of justice require it. The purpose of sequestration is to prevent a witness from molding his testimony with that presented by other witnesses." **Stevenson**, 894 A.2d at 767 (citation and brackets omitted).

Here, C.F. testified on two occasions; during the prosecution's case-in-chief, and on rebuttal. C.F. could not have molded her testimony in the prosecution's case-in-chief to fit Sweitzer's testimony, because C.F. testified before Sweitzer. **See** N.T., 1/14-18/19, at 137-231. Although C.F.'s rebuttal testimony followed Sweitzer's testimony, a party is permitted to present rebuttal witness testimony, subject to the trial court's discretion,[5] for the purpose of contradicting the testimony of an opposing witness. **See Commonwealth v. Hickman**, 309 A.2d 564, 567 (Pa. 1973) (setting forth the standard for admission of rebuttal testimony). Assuming that C.F. had "molded" her rebuttal testimony to fit Sweitzer's testimony, Sweitzer suffered no prejudice, because he was free to cross-examine C.F. on rebuttal, and point out any contradictions or inconsistencies with C.F.'s prior testimony, and the jury would have been free to consider the inconsistencies in its credibility assessment. **See Stevenson**, **supra**. Moreover, subject to the trial court's

---

[5] As Sweitzer has not claimed that the substance of C.F.'s rebuttal testimony was inadmissible, we need not address this issue.

discretion, Sweitzer could have presented additional testimony in support of his case following C.F.'s rebuttal testimony. *See Commonwealth v. Beck*, 560 A.2d 1370, 1374 (Pa. 1989) (stating, "[t]hat a trial judge properly may permit a [party] who has rested to reopen his case for the purpose of offering additional testimony is well-settled in our law."). Accordingly, we find that the trial court did not abuse its discretion in declining to sequester C.F. from Sweitzer's testimony.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/07/2020