J. A21040/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
             v.                    :
                                         :
STANLEY NEWELL,                  :           No. 2800 EDA 2019
                                         :
              Appellant         :

Appeal from the Judgment of Sentence Entered January 30, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001491-2016

BEFORE:  LAZARUS, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED NOVEMBER 16, 2020**

Stanley Newell appeals ***nunc pro tunc***[1] from the January 30, 2017 judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury convicted him of third-degree murder, firearms not to be carried without a license, carrying a firearm on a public street in Philadelphia, and possession of an instrument of crime.[2]  Appellant was sentenced to a term of 15½-31 years' imprisonment for third-degree murder, and a consecutive term of 3-6 years' imprisonment for carrying a firearm without a license.  No further penalty was imposed on the remaining charges.  After careful review, we affirm.

---

[1] Appellant's rights were reinstated ***nunc pro tunc*** by the PCRA court, with the Commonwealth's consent, on August 26, 2019.

[2] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 6108, and 907(a), respectively.

The facts, as summarized by the trial court, are as follows:

> On September 20, 2014, the Twisters Motorcycle Club hosted its annual anniversary ceremony at the Nifiji Event Hall at 1432 Chew Avenue in North Philadelphia. Between 500 and 1,000 people affiliated with several Philadelphia motorcycle clubs attended the event, including Desmond "Little G" Davis, a member of the Twisters, [appellant], Stanley "Stizz" Newell, a member of the rival Byrd Riders Motorcycle Club, and his co-defendant, Marcus "Taz" Brown, another Byrd Rider.
>
> At approximately midnight on September 21, 2014, an argument between "Gun," the chapter president of the Byrd Riders, and Davis commenced outside the event hall on Chew Avenue, drawing the attention of [appellant] and Brown. As the argument continued, [appellant] approached Davis and fellow Twister Tyrell Ginyard and argued with Davis, while co-defendant Brown ran up to Davis from behind, brandished a Colt .45 caliber pistol, and pointed it at Davis' face.
>
> Approximately ten feet away from [appellant] and Davis, the decedent Michael "Country" Baker, a member of the Twisters, drew his pistol, raised it above his head, and fired one shot. The gunfire caused the crowd of over seventy-five attendees standing outside the Event Hall to panic and scatter. Several armed attendees drew their weapons and proceed to fire at each other.
>
> After the gunfire broke out, [appellant] left the Event Hall via Chew Avenue, armed himself with a revolver, and returned to the scene. Erick Clark, a Twister, ran outside to assist his club during the commotion, and linked up with the decedent. Clark and the decedent observed [appellant] fire shots from his location on Chew Avenue and they returned fire. The decedent ran towards [appellant]'s location returning fire, whereupon [appellant] shot him in the neck.
>
> . . . .

Officers of the Philadelphia Police crime scene unit investigated the area surround the Nifiji Event Hall and recovered twenty-five fired cartridge casings (FCCs) and a live .38 caliber Smith & Wesson round. Officer Ronald Weitman, a ballistics expert, investigated the projectile recovered from the decedent's body and determined that it was consistent with having been fired from a .38 Special revolver.

Detective Frank Mullen, an expert in video recovery, obtained video surveillance footage from multiple angles at the Nifiji Event Hall and a private residence at 5626 Park Avenue. The recovered video showed the decedent walking around a vehicle and [appellant] walk[ing] eastbound on Chew Avenue with a gun in his hand. As the decedent approache[d], [appellant] pointed his revolver at the decedent, ready to fire. Immediately after, the decedent runs away hunched over and doubled down. Another individual is shown returning fire from Park Avenue.

Philadelphia detectives interviewed Clark, Ginyard, and fellow Twister and eyewitness Rodney Gregory, each of whom identified [appellant] via photo array and as the armed male walking down Chew Avenue and aiming his weapon at the decedent in the video. After his arrest, police detectives interviewed [appellant], who was read his **Miranda**[3] warnings and provided a taped interview and written statement. During the interview, [appellant] stated that he grabbed a gun in front of the Nifiji Event Hall and walked down Chew Avenue, where he either dropped the gun or gave it to someone else. Detectives showed [appellant] video of him walking down Chew Avenue armed with a gun, and he identified himself . . . .

Trial court Rule 1925(a) opinion, 3/29/17 at 2-4 (citations to notes of testimony and exhibit omitted).

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Following trial, on November 15, 2016 the jury convicted appellant of the above charges. On November 16, 2016, appellant filed a motion for extraordinary relief, challenging the sufficiency and weight of the evidence supporting his conviction. (**See** motion, 11/16/16, at ¶¶ 2-3.) The trial court denied the motion on November 23, 2016. On January 30, 2017, the trial court sentenced appellant to an aggregate sentence of 18½ to 37 years' imprisonment for his third-degree murder and VUFA § 6106 convictions. The trial court imposed no further penalty on the remaining firearms convictions. That same day, appellant filed a motion for reconsideration of sentence. On February 1, 2017, the trial court denied appellant's motion. Appellant timely appealed. **See Commonwealth v. Newell**, 2018 WL 1443851 (Pa.Super. March 23, 2018) (unpublished memorandum). A panel of this court found that appellant waived his issues on appeal for several reasons, including his failure to present his claims with citations to relevant authority and to meaningfully develop his issues. **Id.** at *2-3; **see** Pa.R.A.P. 2119(a). Appellant did not petition our supreme court for allowance of appeal.

On December 20, 2018, appellant filed a timely **pro se** PCRA petition.[4] On June 28, 2019, PCRA counsel filed an amended petition. On August 26, 2019, with agreement by the Commonwealth, the PCRA court granted appellant relief and reinstated his appellate rights **nunc pro tunc**. Appellant filed a timely notice of appeal. On September 23, 2019, appellant was ordered

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. On October 28, 2019, the PCRA court filed a supplemental Rule 1925(a) opinion, incorporating the trial court's Rule 1925(a) opinion of March 29, 2017.

The sole issue appellant raises on appeal is as follows:

> Where there was insufficient evidence that [a]ppellant participated in this shooting death, was the evidence insufficient as a matter of law to prove the charges of third-degree murder and possession of an instrument of crime?[5, 6]

Appellant's brief at 2.

Appellant contends that the evidence was insufficient to convict him of third-degree murder and possession of an instrument of crime because "[a]t

---

[5] In his brief, appellant asserts that this is the only issue preserved for appeal. (**See** appellant's brief at 4 n.1.)

[6] As a preliminary matter, we note that:

> "when challenging the sufficiency of the evidence on appeal, the '[a]ppellant's [court ordered Pa.R.A.P. 1925(b) concise] statement must specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." If the appellant fails to conform to the specificity requirement, the claim is waived.

**Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa.Super. 2018) (citation omitted). Here, appellant avers there was insufficient evidence to find he participated in the shooting. "Although [a]ppellant did not specify the allegedly unproven element or elements of his convictions in his Rule 1925(b) statement, we find this statement . . . sufficient to preserve [his] challenge to the sufficiency of the evidence to sustain his convictions . . . ." **Commonwealth v. Richard**, 150 A.3d 504 (Pa.Super. 2016) (citation omitted). We, therefore, will consider whether this issue is meritorious.

no time, despite the ability to observe the events in question, did any eyewitness ever state or testify they observed [appellant] shoot anyone." (**Id.** at 8.) Appellant further asserts that "the video evidence does not show [him] firing any weapon . . . . [and there was n]o physical evidence . . . to link [him] to the murder." (**Id.** at 10.)

As to challenges to the sufficiency of the evidence,

> [o]ur standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

**Commonwealth v. Alford**, 880 A.2d 666, 669-670 (Pa.Super. 2005), **appeal denied**, 890 A.2d 1055 (Pa. 2005), quoting **Commonwealth v. Gruff**, 822 A.2d 773, 775 (Pa.Super. 2003), **appeal denied**, 863 A.2d 1143 (Pa. 2004) (citations omitted).

> In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa.Super. 2015)

(citations omitted), *appeal denied*, 119 A.3d 351 (Pa. 2015).

Appellant first contends there was insufficient evidence to prove third-degree murder.

> Pennsylvania retains the common law definition of murder, which is a killing conducted "with malice aforethought." *Commonwealth v. Santos*, 583 Pa. 96, 876 A.2d 360, 363 (2005); *Commonwealth v. Thomas*, 527 Pa. 511, 594 A.2d 300, 301 (1991). Section 2502 of the Pennsylvania Crimes Code categorizes murder into degrees. *See generally* 18 Pa.C.S.[A.] § 2502(a)-(c). Third-degree murder is defined as "all other kinds of murder," *i.e.*, those committed with malice that are not intentional (first-degree) or committed during the perpetration of a felony (second-degree).

*Commonwealth v. Packer*, 168 A.3d 161, 168 (Pa. 2017). For purposes of third-degree murder:

> our courts have consistently held that malice is present under circumstances where a defendant did not have an intent to kill, but nevertheless displayed a conscious disregard for an unjustified and extremely high risk that his actions might cause death or serious bodily harm.

*Id.* (citations and quotation marks omitted).

Regarding the issue of appellant's identity as the shooter,

> Proof beyond a reasonable doubt of the identity of the accused as the person who committed the crime is essential to a conviction. The evidence of identification, however, needn't be positive and certain in order to convict, although any indefiniteness

and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence.

*Commonwealth v. Hickman*, 309 A.2d 564, 566 (Pa. 1973) (internal citations and quotation marks omitted). "Furthermore, even if the Commonwealth presented only circumstantial evidence and offered no positive identification of the assailant, we may not weigh the evidence and substitute our judgment for the fact-finder as long as the evidence was sufficient to prove [a]ppellant's guilt." *Commonwealth v. Robertson*, 874 A.2d 1200, 1206 (Pa.Super. 2005) (citation omitted).

As to the element of malice, "[m]alice may be inferred from the circumstances of the accused's conduct. The defendant's conduct must be such that one could reasonably anticipate death or serious bodily injury would likely and logically result. *Commonwealth v. Akhmedov*, 216 A.3d 307, 322 (Pa.Super. 2019) (citation and quotation marks omitted), *appeal denied*, 224 A.3d 364 (Pa. 2020). "Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body." *Commonwealth v. Gooding*, 818 A.2d 546, 550 (Pa.Super. 2003), *appeal denied*, 835 A.2d 709 (Pa. 2003). "Further, malice may be inferred after considering the totality of the circumstances." *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1223 (Pa.Super.2004), *appeal denied*, 871 A.2d 189 (Pa. 2005).

Here, the evidence as to the identity of the shooter came from a compilation video that was put together by Detective Frank Mullen and shown

to the jury. (Notes of testimony, 11/10/16 at 68, 69, 74; Commonwealth Exhibit C-131.) The video included footage from security cameras at the Nifiji Nightclub/Event Hall ("club") and from a private residence on Park Avenue. (*Id.* at 68, 69.) The club is located at the intersection of Chew and Park Avenues. (Notes of testimony, 11/8/16 at 118.) Detective Mullen provided the narration.[7]

It is uncontested that both the victim, Michael Baker, and appellant each had a firearm in their possession at some point during the incident. (Notes of testimony, 11/8/16 at 250, 251, 289; 11/9/16 at 26, 44, 56, 57, 135.) The video shows that, at some point, appellant is on Chew Avenue, headed towards its intersection with Park Avenue. (Notes of testimony, 11/10/16 at 147, 159, 160.) He takes a shooting stance behind a black vehicle parked at the intersection of Chew and Park Avenues, on the southwest corner, facing south. (*Id.* at 88, 89, 130, 149, 157, 162.) The victim is on Park Avenue, walking towards its intersection with Chew Avenue. (*Id.* at 159.)

---

[7] "[I]t is an appellant's responsibility to ensure that this court has the complete record necessary to properly review" his claims. ***Commonwealth v. Kleinicke***, 895 A.2d 562, 575 (Pa.Super. 2006), ***appeal denied***, 929 A.2d 1161 (Pa. 2007); ***see also Commonwealth v. Kennedy***, 151 A.3d 1117 (Pa.Super. 2016) (finding where review is dependent on materials not in certified record claim cannot be considered and is waived). Here, this court has the transcription of Detective Mullen's testimony, without the corresponding video footage. Therefore, determining the evidence presented to the jury is difficult, despite our thorough review of the trial transcript. However, because we have the transcript and certain exhibits, we will review appellant's sufficiency of the evidence claims.

There are times in the video when either Baker or appellant are out of range of the video cameras. (*Id.* at 89, 146, 160, 313.) At one point, when appellant is out of range, two muzzle flashes are seen. (*Id.* at 89.) Then, the victim is seen running down Park Avenue, hunched over. (*Id.*) Lieutenant Robert McKeever found the victim on Park Avenue and took him to the hospital. (Notes of testimony, 11/8/16 at 85, 91, 101.) Doctor Albert Chu, the Deputy Chief Medical Examiner, testified that the victim died of gunshot wounds to the neck and torso. (Notes of testimony, 11/9/16 at 219, 220.)

Following the shooting, the video was shown to several witnesses. Tyrell Ginyard and Rodney Gregory identified appellant as having a firearm in his hand in the video. (Notes of testimony, 11/9/16 at 56, 57, 142, 151.) Appellant also gave a statement to the police wherein he identified himself as holding a firearm. (Notes of testimony, 11/10/16 at 311.)

Here, the trial court opines that the Commonwealth presented sufficient evidence to support appellant's third-degree murder conviction. (Trial court Rule 1925(a) opinion, 3/29/17 at 6.) The trial court reasons that appellant drew a weapon, aimed and fired at the decedent, and struck vital parts of decedent's body; "conduct reflect[ing] an extreme indifference to human life." (*Id.*)

Viewing the evidence adduced at trial in the light most favorable to the Commonwealth, as the verdict winner, we conclude there was sufficient evidence to sustain appellant's conviction for third-degree murder.

Lastly, appellant contends there was insufficient evidence to support his conviction for possessing an instrument of crime. **See** 18 Pa.C.S.A. § 907(a).

> To convict an individual of PIC, the Commonwealth has the burden of proving two elements: (1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose. [T]he actor's criminal purpose . . . provides the touchstone of his liability for the PIC offense, and [s]uch purpose may be inferred from the circumstances surrounding the possession.

**Commonwealth v. Brockington**, 230 A.3d 1209, 1213 (Pa.Super. 2020) (citations and quotation marks omitted). As found in **Commonwealth v. Buford**, 101 A.3d 1182 (Pa.Super. 2014), **appeal denied**, 114 A.3d 415 (Pa. 2015):

> [O]nce the factfinder concluded that the appellant was the slayer and that the death resulted from the infliction of a gunshot wound, the factfinder could logically have concluded from all of the evidence that appellant had possession of a gun, that the gun was an instrument commonly used for criminal purposes, and that his possession of the gun was, under the circumstances, not manifestly appropriate for any lawful use that the gun may have had.

**Id.** at 1190; **see also Commonwealth v. Santiago**, 980 A.2d 659, 662 (Pa.Super. 2009) (noting appellant's use of loaded gun on victim more than sufficient to establish possession of an instrument of crime), **appeal denied**, 991 A.2d 312 (Pa. 2010), **certiorari denied**, 562 U.S. 866 (2010).

Our review of the record, viewed in the light most favorable to the Commonwealth, reflects that the evidence presented by the Commonwealth supported appellant's conviction of possession of an instrument of crime.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/16/20</u>