**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY WILLIAMS | : | |
| | : | |
| Appellant | : | |
| | : | No. 1516 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 28, 2018,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0008303-2016.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JULY 8, 2021**

Timothy Williams appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault and person not to possess a firearm.[1]  After review, we affirm.

The pertinent facts are as follows:

> On September 28, 2016, Officer Sherri Hansen was dispatched to a shooting in the 800 block of West Princess Street in York.  She arrived at 6:35 a.m. and found the [Complainant], with a visible gunshot wound to her left leg.
>
> When asked who had shot her, [the Complainant] responded that her boyfriend, [Williams] had shot her and fled.  [The Complainant] told Officer Hansen that [Williams] was driving a "black pickup truck that was slightly jacked

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 6105(a)(1) respectively.

up," and would either be going to work in Dover or to his residence on Pennsylvania Avenue. [The Complainant] testified that she and [Williams] were having a dispute and that she was leaving the house to "get away from the situation for a minute." She indicated to Officer Hansen that [Williams] had chased her around her car, then fired the gun, striking her in the leg above the knee. [Officer Hansen] observed a bullet hole in [the Complainant's] vehicle.

Shortly thereafter, Officer Michael Jordan located the truck, parked at [Williams'] residence. [Williams] exited the residence and walked to the truck, at which time Officer Jordan identified him as the suspect and took him into custody.

At the hospital, [the Complainant] told Officer John Reisenweber that [Williams] was in possession of a black and silver semi-automatic 9mm pistol and that she had previously seen the [Williams] with that pistol. Officer Reisenweber found two 9mm casings at the scene and observed bullet damage to [the Complainant's] vehicle.

After [Williams] arrived at Central Booking, Officer Reisenweber collected gunshot residue samples from [Williams'] hands. Forensic scientist Allison Laneve then identified material taken from [Williams'] right [hand] as gunshot particles. Detective Timothy Shermeyer later conducted a search warrant of [Williams'] home and found a gun-cleaning kit, which was for a pistol, within the house.

Commonwealth's Brief at 7-8 (citations omitted).

On January 5, 2018, a jury found Williams guilty of both crimes. On March 28, 2018, the trial court sentenced Williams to an aggregate term of 6½ to 13 years of imprisonment. Williams filed neither a post-sentence motion nor a direct appeal.

On June 29, 2018, Williams filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel.[2]  On December 24, 2018, PCRA counsel filed an amended petition, in which Williams raised several claims, including the reinstatement of his post-sentence rights *nun pro tunc*.  The PCRA court denied the petition, and Williams filed a timely appeal to this Court.  On September 25, 2020, we remanded the case to the trial court and reinstated William's post-sentence rights.  *See Commonwealth v. Williams*, 241 A.3d 353 (Pa. Super. 2020).

Following remand, Williams filed a post-sentence motion on October 2, 2020, challenging the weight of the evidence supporting his aggravated assault conviction, and the sufficiency of the evidence supporting his convictions of aggravated assault and persons not to possess a firearm.  On November 13, 2020, the trial court denied the post-sentence motion.  This timely appeal followed.  Williams and the trial court complied with Pa.R.A.P. 1925.

Williams raises the following issues:

> I.    Whether the jury verdict as to aggravated assault was against the greater weight of the evidence in that the [Complainant] testified at trial she didn't know who shot her.
>
> II.   Whether the evidence at trial was insufficient to support the jury's verdict as to aggravated assault and persons not to possess firearms in that the

---

[2] *See* 42 Pa.C.S.A. §§ 9541-46.

> [Complainant] testified at trial she did not know who
> shot her.

Williams' Brief at 4. Because Williams' sufficiency challenge would result in discharge if meritorious, we consider it first. ***Commonwealth v. Toritto***, 67 A.3d 29, 33 (Pa. Super. 2013) (*en banc*).

Our standard and scope of review for a sufficiency challenge is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted).

To prove Williams guilty of aggravated assault, the Commonwealth was required to show that Williams attempted, "to cause serious bodily injury to [the Complainant], or cause[d] such injury intentionally, knowingly or

recklessly. . ." 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

To sustain a conviction for person not to possess a firearm, the Commonwealth had to show that the defendant possessed a firearm when he was lawfully forbidden to do so, having been convicted of an enumerated offense. 18 Pa.C.S.A. § 6105(a)(1). At trial, the parties stipulated that Williams was a person not to possess a firearm. *See* N.T., 3/5/18, at 283.

At to both of his convictions, Williams asserts that, because the Complainant's trial testimony was "vague and contradictory," the jury "was left to decide the matter on mere speculation, assumption and conjecture." Williams' Brief at 7. Our review of the record refutes Williams' claim.

As noted above, when reviewing a sufficiency challenge, "the entire record must be evaluated and ***all evidence actually received must be considered***." ***Hansley***, 24 A.3d at 416. At Williams' trial, the Complainant did testify that she did not know who shot her. *See* N.T., 1/3/18, at 154-55). However, her testimony was not the only evidence introduced by the Commonwealth regarding the identification of Williams as the person who shot her.

The trial court summarized this additional evidence as follows:

> The evidence that supports [Williams' convictions] was overwhelming and includes, but is not limited to:

- 9 mm shell casings were found at the scene in locations that supported the [Complainant's] initial statements; and

- A gun cleaning kit consistent with one that would be used to clean a pistol (as opposed to a rifle) was found at [Williams'] house; and

- Officer Hansen testified that the [Complainant] identified [Williams] as the shooter when she spoke to her at the scene; and

- Officer Reisenweber testified that when he spoke to the [Complainant] at the hospital, [she] indicated that [Williams] had a 9 mm pistol, that he chased her out of the house, that when he was near the front door, he fired one shot in the air, then chased her around the car and continued shooting, and the [Complainant] was struck by a bullet; and

- The bullet hole in the [Complainant's] car corroborates her initial statements as to what occurred; and

- Gunshot residue (hereinafter "GSR") was found on [Williams'] hands; and

- Consistent with her prior statements, the [Complainant] testified at trial that she and [Williams] were inside the house, they had an argument, she ran out of the house, and then she got shot; and

- The .40 caliber casings were damaged and were found on the opposite side of the street, while the 9 mm casings were in relatively good condition and were found on the same side of the street as the [Complainant] and where she was shot.

Order, 11/12/20, pages 2-3 (citations and unnecessary capitalizations omitted).[3]

_____

[3] Although the trial court listed this evidence when addressing Williams' weight issue, it later referred to it as the basis for rejecting Williams' sufficiency claims. **See** Memorandum Order, 11/12/20, at 4.

Our review of the record supports the trial court's conclusions that Williams' sufficiency challenges are without merit. Officer Hansen testified for the Commonwealth that the Complainant identified Williams as the shooter when Officer Hansen spoke to her at the scene after she was shot. **See** N.T., 1/4/18, at 98, 106-107.[4]

Officer Reisenweber's trial testimony indicated that he went to the hospital to speak to the Complainant. She told Officer Reisenweber that Williams had possession of a black and silver 9 mm semi-automatic pistol, and that she had seen him with that gun before. Additionally, the Complainant told the officer that, on the morning of the shooting, "[Williams] had chased her out of her house. [Williams] was near the front door when he pointed the gun up in the air and fired one shot into the air. [Williams] then chased [the Complainant] around the car and continued shooting. The Complainant was struck and was laying on the ground." **See** N.T., 1/5/18, at 204-205.

Officer Reisenweber further testified that he found two 9mm casings at the scene and that gunshot residue was detected on Williams' hand, which corroborated the Complainant's statement to him. **See** N.T., 1/5/18, at 204-206.

_____

[4] We note that Williams has abandoned his claim that Officer Hansen's testimony was inadmissible hearsay. Nonetheless, we agree with the trial court that the Complainant's statement to the officer was admissible as an "excited utterance." **See** Rule 1925(a) Statement, at 2-3 (citing **Commonwealth v. Manley**, 985 A.2d 256, 265 (Pa. Super. 2009).) Thus, the jury properly considered that the Complainant had previously identified Williams as the shooter.

Williams did not raise an objection regarding Officer Reisenweber's testimony during trial, and therefore any issue relating to the admissibility of his testimony is waived. *See* N.T., 1/5/18, at 204; Pa.R.A.P. 302(a).[5] Thus, the prosecution produced evidence that Williams was in possession of a handgun. As the parties stipulated that Williams could not legally possess it, his sufficiency challenge to his firearm conviction fails.

Considering the foregoing, the Commonwealth produced sufficient evidence to support the jury's convicting Williams of aggravated assault and possession of a firearm prohibited. Thus, Williams' sufficiency challenges fail.

In his remaining issue, Williams argues in the alternative that the trial court abused its discretion in denying his post-sentence motion challenging the aggravated assault verdict based on the weight of the evidence. Again, Williams relies on the Complainant's trial testimony that she did not know who shot her. Williams' Brief at 13.

The following legal principles apply when a challenge to the weight of the evidence supporting a conviction is presented to the trial court:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or

---

[5] Even if Williams had persevered this issue, we agree with the trial court that the Complainant's statements to Officer Reisenweber were admissible as a prior inconsistent statement in "the interests of justice." *See* Pa.R.E. 613(b).

because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

**Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000) (citations, footnotes and quotation marks omitted). Thus, to allow a defendant "to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court." **Commonwealth v. Talbert**, 129 A.3d 536, 545 (Pa. Super. 2016) (internal citation omitted).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in original, internal citations omitted).

Our Supreme Court has stated, "any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence." ***Commonwealth v. Hickman***, 453 Pa. 427, 430, 309 A.2d 564, 566 (1973) (citations omitted).

Williams argues that the Complainant's prior statements that Williams shot her contradicted her trial testimony and thus rendered the evidence so "contradictory that it was unreliable." William's Brief at 10. However, the trial court, who heard all of the testimony at trial, found that the verdict did not shock its conscious. ***See*** Memorandum Order, 11/12/20, at 2. As noted above, the trial court, when rejecting this claim, enumerated the overwhelming evidence that supported Williams' aggravated assault conviction. Upon review, we discern no abuse of discretion by the trial court in its determination that the verdict of guilt did not shock the conscious and that a new trial is not necessary in the interests of justice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/08/2021

- 10 -