J-S23009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :         PENNSYLVANIA
                                            :
            v.                              :
                                            :
                                            :
CHARLES H. WARENECKI           :
                                            :
          Appellant             :     No. 1640 MDA 2021

Appeal from the Judgment of Sentence Entered December 8, 2021
In the Court of Common Pleas of Huntingdon County
Criminal Division at No:  CP-31-CR-0000383-2020

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:              **FILED OCTOBER 17, 2022**

Appellant, Charles H. Warenecki, appeals from the judgment of sentence entered in the Court of Common Pleas of Huntingdon County on December 8, 2021, after a jury convicted him of four counts of aggravated harassment by a prisoner, 18 Pa.C.S.A. § 2703.1, each graded as a third-degree felony. Appellant argues that the trial court erred when it conducted jury selection, the trial, and the sentencing hearings in Appellant's absence.  He further argues the evidence was insufficient to sustain his convictions.  Following review, we affirm.

In May 2020, Appellant was charged with four separate counts of aggravated harassment stemming from four incidents in November and

_____

[*] Retired Senior Judge assigned to the Superior Court.

December 2019 when Appellant spit on four different corrections officers while confined at SCI-Huntingdon. As noted, a jury found Appellant guilty of all four counts. In this timely appeal from Appellant's judgment of sentence, Appellant asks us to consider two issues:

1. Did the trial court err by conducting jury selection, trial and sentencing *in absentia*?

2. Did the lower court err by finding that the Commonwealth presented sufficient evidence that [Appellant] was the person described by its witnesses?

Appellant's Brief at 4.

In his first issue, Appellant claims trial court error for conducting jury selection, his trial, and his sentencing hearing *in absentia*. Specifically, he asserts that "the record is bereft of any indication that [Appellant] made a knowing, intelligent, and voluntary waiver of the right to attend his jury selection, trial, and sentencing." Appellant's Brief at 9. He complains that the trial court did not engage him in an on-the-record colloquy to ensure that Appellant had been advised of his rights or that he made a knowing, intelligent, and voluntary waiver of his rights. *Id.* at 9-10.

We review the trial court's decision to proceed *in absentia* for an abuse of discretion. *Commonwealth v. Wilson*, 712 A.2d 735, 739 (Pa. 1998). "Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Clay*, 64 A.3d 1049,

1055 (Pa. 2013) (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000)).

In its Rule 1925(a) opinion, the trial court recognized that while the right of a criminal defendant to appear at all stages of trial is strong, it is not absolute. Rule 1925(a) Opinion, 2/28/22, at 2. As reflected in Pa.R.Crim.P. 602(A):

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A). Further, the Comment to Rule 602 provides, in pertinent part, that

> upon a finding that the [defendant's] absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial. The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a preponderance of the evidence. **See Commonwealth v. Scarborough**, 421 A.2d 147 (Pa. 1980) (when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing and intelligent); **Commonwealth v. Tizer**, 684 A.2d 597 (Pa. Super. 1996)[.]

Pa.R.Crim.P. 602(A), *cmt.*

Importantly, a "defendant's absence without cause effectively works as a waiver of the right to be present, as this right 'may be waived by the defendant's words or actions.'" Rule 1925(a) Opinion, 2/28/22, at 2 (quoting

***Commonwealth v. Hillburn***, 746 A.2d 1146, 1148-49 (Pa. Super. 2000) (cleaned up)). ***See also Commonwealth v. Sullens***, 619 A.2d 1349, 1351 (Pa. 1992) (defendant's right to be present at trial may be waived expressly, or by implication by the defendant's actions).

Rejecting Appellant's claim of error with regard to proceeding *in absentia*, the trial court stated:

> Here, the record is clear that [Appellant], an inmate in the custody of the Pennsylvania Department of Corrections ["DOC"], refused to participate at any stage of the proceedings, trial or otherwise. This was discussed in detail on the record just prior to trial. [The District Attorney] noted that for jury selection, [Appellant] had been transported by DOC staff to the Huntingdon County Courthouse but refused to exit the transport van, and for trial, he had refused all attempts by DOC staff to even get him to leave his cell, leading DOC staff to inquire whether the Commonwealth wanted [Appellant] forcibly brought before the court. [Appellant's] counsel[ ], then further placed on the record that [Appellant] had not participated in any proceedings prior to trial (including preliminary hearing, formal arraignment, and pretrial conferences), and had refused all attempts by [defense counsel] to contact him, including by mail and telephone. Similar notations were made on the record at sentencing as [Appellant] continued to refuse to attend or participate in the proceedings in any way.
>
> Defense counsel's protestations to the contrary, there is no requirement that a criminal defendant's decision to waive his right to be present be made on the record. Such a requirement would be, quite frankly, insane, as it would negate the entire intent and purpose of Rule 602(A) by allowing criminal defendants to thwart all attempts to prosecute them by the simple expedient of refusing to attend court. Here, it is clear that [Appellant] knew when the relevant proceedings were to commence, had ample opportunity to attend (including access to transportation), and made knowing, voluntary, and unjustified decisions not to participate. That was all that was required to proceed in his absence.

Rule 1925(a) Opinion, 2/28/22, at 3 (references to notes of testimony omitted).

The record supports the trial court's determination that Appellant was absent without cause and that he knowingly, intelligently, and voluntarily waived his right to be present for jury selection, for trial, and for sentencing. Finding no abuse of discretion in the trial court's conclusions, we shall not disturb them. Appellant's first issue fails.

In his second issue, Appellant challenges the sufficiency of evidence supporting his convictions for aggravated harassment by a prisoner. In essence, Appellant challenges the in-court identification of Appellant as the perpetrator of the crimes based on a photograph taken when Appellant was first incarcerated, noting that his appearance has changed significantly since that time.

Addressing sufficiency of evidence, this Court recently reiterated:

Whether the evidence was sufficient to sustain the charge presents a question of law. *Commonwealth v. Toritto*, 67 A.3d 29 (Pa. Super. 2013) (*en banc*). Our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Walls*, 144 A.3d 926 (Pa. Super. 2016). In conducting our inquiry, we examine:

whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak

and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Rojas-Rolon***, 256 A.3d 432, 436 (Pa. Super. 2021)

(quoting ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super.

2014) (quotation omitted)).

In ***Commonwealth v. Smyser***, 195 A.3d 912 (Pa. Super. 2018), this

Court added:

"In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes." ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010), *appeal denied*, 610 Pa. 614, 21 A.3d 1189 (2011). "Evidence of identification need not be positive and certain to sustain a conviction." ***Commonwealth v. Orr***, 38 A.3d 868, 874 (Pa. Super. 2011 (*en banc*) (citation omitted), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012). As our Supreme Court has stated "any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence." ***Commonwealth v. Hickman***, 453 Pa. 427, 430, 309 A.2d 564, 566 (1973) (citations omitted).

***Id.*** at 915.

Appellant was convicted of four counts of aggravated harassment by a

prisoner, which is defined as follows:

A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation

to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material.

18 Pa.C.S.A. § 2703.1.

As the trial court observed:

Here, the Commonwealth presented testimony from four victims, Corrections Officer Robert Wasson, Corrections Officer Bryan Kostyrka, Corrections Officer Gunner Newton, and Corrections Officer Robert Maben, III, each of whom testified that they could personally identify [Appellant] because of knowledge gained in the course of their employment and direct interactions that had occurred between themselves and [Appellant].[1] They further testified as to four separate incidents in which, for various reasons and in various manners, [Appellant] had intentionally spit on them multiple times. Each of those incidents was captured on video, and the video recordings were played for the jury, with the victims testifying that the recordings accurately depicted what had occurred. The accuracy of the DOC records reviewed by the victim witnesses was further established by the testimony of Records Supervisor Nicole Pittman. Thus, the Commonwealth presented sufficient evidence on which the jury could find that it was, in fact, [Appellant] who committed the offenses charged.

Rule 1925(a) Opinion, 2/28/22, at 4-5 (references to notes of testimony omitted).

Based on our independent review of the record, weighing the evidence and reasonable inferences in a light most favorable to the Commonwealth, we conclude the evidence was sufficient to establish all elements of the crime of

---

[1] All four corrections officers testified that they were able to identify Appellant as the perpetrator of the assaults despite the fact that Appellant had facial hair and longer hair at the time of the incidents than he had during the prison's intake process when his photograph was taken.

aggravated harassment by a prisoner, and more specifically, that Appellant was the perpetrator of the crimes. Appellant's second issue fails for lack of merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2022